Dickson and Smithson,.even though you believe the defendant made the statements to them as testified to by them."

"In this case you cannot consider the testimony of the witnesses Charlie Dickson and T. L. Smithson for any other purpose than upon the question of the defendant's intent in the statement made to the witness Mears, in case you believe beyond a reasonable doubt that he made the statement charged to have been made to said Mears."

He saved his point on these matters also by bills of exception properly allowed, and in his motion for a new trial.

[1] It has been uniformly held in this state, and is the established law, that in cases of this character the language alleged to have been used to a given person must be proved substantially as alleged to that person.

[2] Also, that the same language or like language .may be proved to have been spoken to another or others at a different time and place for the purpose of showing the motive and intent of the appellant in using the language charged to the person in the information or indictment; but that such language spoken to other persons at a different time and place cannot be used for any other purpose or, in other words, that the defendant cannot be convicted upon speaking the same language to another person at a different time and place when not so charged in the indictment or information. Knight v. State, 49 S. W. 383; Collins v. State, 39 Tex. Cr. R. 30, 44 S. W. 846; Neely v. State, 32 Tex. Cr. R. 370, 23 S. W. 798; McMahan v. State, 13 Tex. App. 220. It is our opinion that the court erred in refusing to give the two charges above requested.

We have examined all the other questions raised by the appellant, and think the court did not commit any error complained of.

For the refusal of the court to give the two special charges requested, the judgment is reversed, and the cause remanded.

---

## RANDELL v. STATE.

(Court of Criminal Appeals of Texas. May 31, 1911.)

LARCENY (§ 40*)—VARIANCE—DESCRIPTION OF PROPERTY—EVIDENCE—SUFFICIENCY.

Where a complaint charged the stealing of certain personalty, and an information charged the stealing of other articles, though the testimony at the trial may have tended to show that accused stole the goods charged in the complaint, but there was no evidence in the record to show that he stole the articles described in the information, the conviction will be set aside.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 102–126; Dec. Dig. § 40.*]

Appeal from Gregg County Court; J. H. McHaney, Judge.

Gert Randell was convicted of larceny, and appeals. Reversed and remanded.

E. M. Bramlette, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. By complaint appellant was charged with stealing "two pairs of silk hose of the value of $3.50, four pair of gloves of the value of $6, and one pair of leggings of the value of 50 cents"; the same being the property of T. D. Coupland. The information charged that appellant stole from T. D. Coupland "one fascinator of the value of $1.00 and one pair of hose of the value of 25 cents." On a trial appellant was convicted, and his punishment assessed at a fine of $100 and 30 days' imprisonment in the county jail.

The testimony by the state may tend to show that the appellant' may have stolen the goods charged in the *complaint*; but there is no evidence in the record tending to show that he stole the articles described in the *information*. There are many questions raised by the appellant; but it is unnecessary to decide any of them, except where he claims "the verdict of the jury is contrary to the law and the evidence, and the verdict is wholly unsupported by the evidence, and if any goods were taken from T. D. Coupland, as alleged in the information herein, there is no evidence tending to show that defendant ever had any connection with those identical goods."

The appellant's contention about the verdict of the jury and the goods charged to have been stolen in the information is correct. Appellant cannot be charged by information to have stolen one thing, and the evidence show he may have stolen some other entirely distinct and different thing, and the conviction stand. Besides this, the complaint does not charge that the property was taken without the consent of the alleged owner. This may be a clerical error in copying.

The judgment is reversed, and the cause is remanded, so that the county attorney can file a new information, if he desires to do so, and the complaint will sustain it.

---

## BRADFORD v. STATE.

(Court of Criminal Appeals of Texas. May 24, 1911.)

1. BURGLARY (§ 25*)—INDICTMENT—BREAKING—MEANS.

An indictment for burglary in the nighttime with intent to commit theft, alleging entry by force, was sufficient, without alleging an entry by means of breaking.

[Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 48–50; Dec. Dig. § 25.*]

2. CRIMINAL LAW (§ 1097*)—APPEAL—ADMISSION OF EVIDENCE—REVIEW—BILL OF EXCEPTIONS.

In the absence of a statement of facts, a bill of exceptions complaining of the admission

of an alleged confession not contained in the bill will not be reviewed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2926-2938; Dec. Dig. § 1097.*]

3. WITNESSES (§ 48*)—COMPETENCY—PERSONS CONVICTED OF FELONY.

Under Code Cr. Proc. 1895, art. 768, providing that all persons who have been convicted of felony, unless such conviction has been set aside, or unless the convict has been pardoned, shall not be competent to testify, a witness who was serving a term in the penitentiary for participation in the same offense for which defendant was then on trial was incompetent to testify that he (the witness) was the guilty person, and that accused took no part in the burglary in question.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 109-115; Dec. Dig. § 48.*]

4. BURGLARY (§§ 23, 46*)—INTENT TO COMMIT THEFT—INSTRUCTION—VALUE OF PROPERTY.

In a prosecution for burglary with intent to commit theft, it is not necessary that the indictment allege the value of the property, and that the court's charge require the jury to find that the property had specific value.

[Ed. Note.—For other cases, see Burglary, Dec. Dig. §§ 23, 46.*]

5. CRIMINAL LAW (§ 1097*)—APPEAL—REQUESTED CHARGE—REVIEW.

Refusal to give a requested charge cannot be reviewed, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2941; Dec. Dig. § 1097.*]

6. CRIMINAL LAW (§ 1144*) — APPEAL — INSTRUCTION—REVIEW.

Where the charge given is applicable to any state of facts that could have been proved under the indictment, and there is no statement of facts, it will be assumed on appeal that the court correctly applied the law to the facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3032; Dec. Dig. § 1144.*]

Appeal from District Court, Denton County; Clem B. Potter, Judge.

Delos Bradford was convicted of burglary, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. In this case appellant is charged by indictment with the offense of burglary. Upon a trial he was convicted, and his punishment assessed at two years in the penitentiary.

There is no statement of facts in the record. Consequently many of the grounds stated in the motion for a new trial cannot be considered by us. However, there are a number of bills of exception in the record, and to each we have given due consideration.

[1] There was no error in overruling the motion to quash the indictment. The indictment charged the offense of burglary with the intent to commit theft, and the decisions of this court all hold that in an ordinary burglary committed in the nighttime it is unnecessary to allege that the entry was committed by means of breaking. The allegation that the entry was by force would be sufficient. Garner v. State, 31 Tex. Cr. R. 22,

19 S. W. 333; Summers v. State, 9 Tex. App. 396; Carr v. State, 19 Tex. App. 635, 53 Am. Rep. 395.

[2] In bill of exception No. 1, defendant complains of the admissibility of an alleged confession. The confession nor any part thereof is not recited in the bill. There is no statement of facts, and, the record being in this condition, it is impossible for us to rule on the matter.

[3] In bill No. 2 it is claimed that the court erred in not permitting Joe Armstrong to testify that he was the guilty person, and that defendant took no part in committing the burglary. The bill alleges that Joe Armstrong was a convicted felon, and was then serving a term in the penitentiary for participation in the same offense for which defendant was then on trial. If this is true, said witness under our laws was not a competent witness to any fact. Article 768, Code Cr. Proc. 1895, and authorities collated under this article in White's Procedure.

[4] In case of burglary with intent to commit theft, it is unnecessary to allege the value of the property, and the court's charge need not require that the jury find that the property had any specific value. Sullivan v. State, 13 Tex. App. 462; Simms v. State, 2 Tex. App. 110; Green v. State, 21 Tex. App. 64, 17 S. W. 262; Collins v. State, 20 Tex. App. 197.

[5, 6] In bills of exception Nos. 4, 5, 6, 7, 8, and 9, defendant complains of a portion of the charge of the court and the failure of the court to give certain special instructions requested. In the absence of a statement of facts, it is impossible for us to judge whether or not the special instructions should have been given; and it is the rule of this court that, if the charge is applicable to any state of facts that could have been proven under the allegations of the indictment, this court will assume that the court correctly applied the law to the facts in the case. Wright v. State, 37 Tex. Cr. R. 146, 38 S. W. 1004.

The bills of exception presenting no matter which shows error in the absence of a statement of facts, the judgment is affirmed.