SIM SHETTERS v. THE STATE.

No. 1785.   Decided May 15, 1912.

**1.—Burglary—Discharge of Firearms—Private Residence.**

Where the indictment charged the offense of burglary under Article 1307, Revised Penal Code, by the discharge of firearms into a private residence with intent to injure the persons therein, the same was sufficient.   Following Railey v. State, 58 Texas Crim. Rep., 1.

**2.—Continuance—Testimony Not Probably True.**

Where defendant's application for continuance showed a want of diligence and it appeared from the record that the absent testimony was not probably true, there was no error in overruling a motion for continuance.

**3.—Same—Charge of Court—Signature of Judge—Article 723, Code Criminal Procedure.**

Where, upon appeal from a conviction of burglary it appeared from the record that the charge of the court was not signed by the trial judge but that it was the written charge of the court read and delivered to the jury and the only one, the same was not reversible error under Article 723, Code Criminal Procedure, no injury having been shown.

Appeal from the District Court of Newton.   Tried below before the Hon. W. B. Powell.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted of burglary of a private residence and his punishment fixed at five years in the penitentiary.

The indictment charged the offense properly under the statute and under that clause of it in Penal Code, article 1307 (841), by the discharge of firearms into the house with intent to injure the persons therein.   The indictment follows the statute strictly and is in the form laid down by Judge White in his annotated Penal Code, section 1436. The appellant's motion to quash the indictment was properly overruled. Garner v. State, 31 Texas Crim. Rep., 22; Railey v. State, 58 Texas Crim. Rep., 1, 121 S. W. Rep., 1120.

There was no error in overruling appellant's motion for a continuance.   The record shows that the appellant was indicted for the same offense at the previous term of the court at which this trial occurred; that at this term the indictment for some defect therein was quashed, and he was reindicted on September 7, 1911.   That when the old case was called for trial the appellant made an application for continuance on account of the absence of the same witness, Bruce Waddell, setting up therein what was expected to be proven by him but is not disclosed

in this record. The record further shows that the witness was a resident of Orange County; that although this new indictment was found on September 7 he made no application for process until the next day; that he then applied for a subpoena for this witness which had not been returned on September 13, the day this motion for continuance was made and the trial begun. Why the process was not returned is not shown, either in the motion for continuance or subsequently in the motion for new trial. The record further shows that no process whatever was issued for this witness at the instance of appellant in either case prior to September 8. The judge, in allowing the bill to the overruling of this motion for continuance, qualified it by stating that the appellant was indicted for this same offense at the previous term of the court; defendant was arrested and the case continued until the present term when a motion to quash that indictment was sustained. The new bill on which this trial was had was then found by the grand jury. The defendant demanded time and the case was postponed until September 13; that the witness on account of whose absence this motion for continuance was made was not in attendance on the court at any time and the applications for continuance in the old and new cases did not agree as to the testimony of the witness and the court, not believing it probably true, overruled the motion. In overruling the motion for new trial on September 16, 1911, the judgment shows that the court heard the evidence submitted thereon and overruled it.

Appellant claimed in this application that he expected to prove by the absent witness that said witness was with him continuously from before until after it was alleged appellant shot into the house of Mrs. Ward. Appellant himself did not testify. The State proved by four witnesses clearly and distinctly that the appellant did at the time and place charged in the indictment shoot into the house of Mrs. Ward, he, shortly prior thereto having talked outrageously to her and called her many ugly names, the details of this not being given in the evidence, showing appellant's ill feeling and animus towards Mrs. Ward.

Under this record, as shown to us, we are of opinion that the court did not commit reversible error in overruling this motion for continuance.

The only other ground is appellant's complaint shown by bill of exception to the fact that the court below did not sign his charge to the jury, claiming that this is a fatal error, requiring a reversal.

The bill shows that on the trial, after the testimony for the State and the defendant had been introduced, and argument of counsel for both sides heard and before the jury retired to consider their verdict, the court read and delivered to the jury his charge, quoting it in full in the bill; that the jury took this with them in their retirement to consider their verdict; that neither appellant nor his counsel knew that the charge was not signed by the judge until after the verdict had been rendered; that they called the trial court's attention to it in the motion for new trial which was the first opportunity they had to do

so; that at that time, on the back of the charge, was made an indorsement by the judge explaining that he inadvertently overlooked signing the charge before it was read to the jury and taken by them; that the said charge of the court, which was not signed by him, was written by the judge as his charge in said cause and he had it filed by the clerk and read it to the jury, "and is the charge and only one the jury carried with them in their deliberation of the case and is the charge they delivered into court with their verdict and˙which was received by the clerk along with the verdict of the jury when same was taken and heard by the court. This charge was fastened together with metallic springs and which by reason of oversight, or inadvertence, was not signed by me."

From all of this it is perfectly clear to us that this was the charge and the only charge given by the court to the jury. It was the only charge the jury saw or had anything to do with and upon which they solely, so far as the charge is concerned, acted. There is no intimation of anything else.

Article 738 (718) Code Criminal Procedure requires the charge of the court "to be certified by the judge and filed among the papers of the cause and shall constitute a part of the record of the cause." This statute before the amendment in 1897 of article 743 (723) had been construed by this court to require the signature of the judge to certify it, but as to this article 738 (718) the amendment of 1897 expressly requires that when the requirement of certain articles of the Code Criminal Procedure including this article, "have been disregarded, the judgment *shall not* be reversed, unless the error appearing from the record was calculated to injure the rights of the defendant." Prior to 1907, said article 743 (723) expressly required this court, in the event this requirement had been disregarded, to reverse the judgment. There was no possible injury to the defendant as shown by this record in the judge not signing his charge in this case, and under the express provisions of the statute we are forbidden to reverse this case because he did not sign it.

The judgment will be affirmed.

*Affirmed.*