GEORGE SHACKELFORD v. THE STATE.

No. 4942.   Decided May 8, 1918.

1.—Burglary—Discharge of Firearms—Indictment—Breaking.

An indictment for burglary committed by the discharge of firearms into a house, etc., which failed to allege that defendant broke or entered the house with a view of committing any offense is bad on motion to quash. Qualifying Railey v. State, 58 Texas Crim. Rep., 1; Hammons v. State, 29 Texas Crim. App., 445. Prendergast, Judge, dissenting.

2.—Same—Insufficiency of the Evidence—Charge of Court.

Where, upon trial of burglary by the discharge of firearms into the house of another, etc., the evidence showed that defendant was shooting at the party injured as she was going towards the house, and the bullet missed her and struck the house, this could not constitute a shooting into the house for the purpose of injuring her, and was not burglary under the statute, as such offense is constituted by shooting into a house for the purpose of injuring the inmates therein, and the court should have instructed the jury to this effect as requested.

Appeal from the District Court of Fayette.   Tried below before the Hon. M. C. Jeffrey.

Appeal from a conviction of burglary by the discharge of firearms, etc.; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*John T. Duncan,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Omitting formal parts, the indictment charged as follows: "did then and there unlawfully commit the offense of burglary by then and there discharging a firearm, towit: a gun, into the house occupied and controlled by Lizzie Shackelford, with the intent then and there to injure the said Lizzie Shackelford, the said Lizzie Shackelford then and there being in said house, against the peace and dignity of the State."

Motion was made to quash this indictment. It will be noticed that there is no direct allegation that appellant broke or entered the house with a view of committing any offense. The statute (art. 1303, Vernon's Crim. Stats.) defining the offense of burglary says that this offense is constituted by entering a house by force, threats or fraud, at night; or in like manner by entering a house at any time, either day or night, and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft. The Code also thus defines burglary: "He is also guilty of burglary who, with intent to commit a felony or theft by breaking, enters a house in the daytime." So of burglary of a private residence. This must be entered by force, threats or fraud, at night, or in any manner by entering a private residence at any time, either day or night, and remaining concealed therein until night, with the intent, in either case, of committing a felony, or the crime of theft. However a burglary may be committed, it must be done in this case by breaking, and the entry must be accomplished for the purpose of committing a felony. If these matters are not charged in the indictment the offense of burglary is not averred. The manner of entry is one thing, and the intent to commit a felony or the crime of theft is a different proposition, but the two must concur in order to constitute the crime of burglary. This has been the rule laid down in the decisions, unless it be the Railey case, 58 Texas Crim. Rep., 1; but an inspection of that indictment as found in the original record in that case will bear the construction that burglary must be properly charged as to the breaking. That case diverged from the decisions theretofore rendered, laying down the rule that the intent need not necessarily be with the intent to commit a felony or theft; that if the breaking was intended to injure by shooting into a house, this would constitute burglary. The writer dissented in that case, and still is of the opinion that the majority of the court in so holding was not in consonance with the legislative will as shown by statutory enactments. In the Railey case, 58 Texas Crim. Rep., 1, the charging part of the indictment was that appellant unlawfully, fraudulently, burglariously and wilfully, in the daytime, by force and breaking, committed the offense of burglary, by then and there discharging firearms, towit: a gun, into the dwelling house of Charles Schmidt, with the intent to injure the said Charles Schmidt, who was then and there in said house, etc. A serious mistake, to the mind of the writer, in the majority opinion in the Railey case, is that that opinion transfers the definition of entry into the definition of burglary, and makes it the criterion of intent. The Legislature, it occurs to the writer, did not so intend, and did not so enact. The entry and intent are different elements of the offense. Article 1307, Branch's Ann. P. C., p. 1277, defines and relates only to what it takes to constitute "entry." It is there provided that the entry is not confined to the entrance of the whole body; it may consist of the entry of any part for the purpose of committing a felony; or it may be constituted by the discharge of firearms or other deadly missile into the

house, with intent to injure any person therein; or it may be constituted by the introduction of any instrument for the purpose of taking from the house any personal property, although no part of the body of the offender should be introduced.

It will be noticed that the Legislature was simply defining what it took to constitute an entry into the house as a part of the definition of burglary. It was not referring to breaking, or to the definition of burglary, except that of entry. Illustrative, the indictment would not be held valid if it simply charged that he burglariously entered the house by the entrance of any part of his body. It would have to go further and allege a breaking and that it was done for the purpose of committing a felony or the crime of theft. So with the discharge of firearms with intent to injure. The Legislature was simply defining the term "entry" to make such unlawful when the firing was done to injure. It was intended to prevent a charge of burglary, and not to include a burglary unless the shooting by firearms into the house was intended to injure. This was but a means of entry. It was not a burglary. If the shooting of firearms into a house with intent to injure somebody was consummated; the Legislature enacted that this should be unlawful entry. It did not thereby intend to relieve the pleader of properly pleading the charge of burglary of which entry was but a part of the definition of the offense. The indictment would have to go further and allege the breaking and prove such entry was done for the purpose of committing a felony. This has been understood to be the law, unless it be changed by virtue of the majority decision in the Railey case, supra. So far as the authorities that have been called to the attention of the writer, there are but two cases where a proper allegation was not made with reference to the intent in the breaking: The majority opinion in the Railey case, supra, and Hammons v. State, 29 Texas Crim. App., 445. The Hammons case was reversed under the unbroken line of authorities, as the writer understands, and the Railey case, in order to sustain the majority opinion, overruled the Hammons case. The writer thinks that opinion clearly error.

The indictment in the instant case does not undertake to allege a burglarious entry except by conclusion generally, stating that he shot into the house with intent to injure. The term "burglariously," as we understand in this indictment, is just a general conclusion and does not undertake to give any definition of burglary. There must be a burglary charged, a constituent element of which is entry; then there must, in addition, be the purpose and intent of committing a felony, or the crime of theft. From no viewpoint can this indictment in the mind of the writer, be upheld.

There are other questions in the case. The court instructed the jury that if appellant did discharge firearms, towit: a gun, into the house occupied and controlled by Lizzie Shackelford, with the intent then and there, on the part of the defendant, to injure the said Lizzie Shackelford, and that the said Lizzie Shackelford was then and there in said

house, they will find him guilty; and if they did not so believe from the evidence, beyond a reasonable doubt, they would acquit. He also charged the jury if they believed from all the evidence that defendant's gun was accidentally discharged, and that after such accidental discharge of the gun that the defendant did not shoot into the house occupied and controlled by Lizzie Shackelford with the intent then and there to injure her, they should acquit. Various exceptions were urged to the court's charge, and special requested instructions refused. These are all properly presented.

The evidence shows that Lizzie Shackelford was in a tent, and appellant was at her residence; that he had called to see his child, Lizzie Shackelford and defendant having been divorced. By the terms of the divorce he was entitled to see the child and be at the place where the alleged shooting occurred. When the first shot was fired, which appellant says was accidental, and gives various reasons why it was so and facts, which seems not to have been controverted, Lizzie Shackelford left the tent in the direction of her residence, which was five or six steps away, and appellant fired another shot. This shot struck right at the edge of the roof, going through the plank and entering the rafter just immediately on the inside of the house. Lizzie Shackelford was not then in the house into which this shot was fired. She was going in that direction. Her daughter testified she was outside of the house. Lizzie Shackelford herself testified that she was just about to reach the entrance of the house but was not on the inside. Appellant insists this view of the case should have been submitted, and requested instructions, as well as reserved exceptions to the court's charge in this respect. We are of opinion that appellant is correct in this contention. In order to have constituted this shooting at her under the terms of the indictment, he would have had to fire into the house for the purpose of injuring Lizzie Shackelford. Under the State's case it was a serious question whether he shot at her to injure her at all; as the shot went way above her, and he is shown to have been a hunter and a good shot. But in any event, in order to constitute this offense under the indictment, he would have had to shoot in the house for the purpose of injuring Lizzie Shackelford, and it was necessary that she be in the house at the time that he fired the shot. If he was shooting at her on the outside and the shot entered the house, it would not constitute the offense charged in the indictment. The State's case proceeded upon the theory, under the evidence, that he was shooting at her as she was going towards the house and the bullet missed and struck the house. This could not constitute a shooting in the house for the purpose of injuring her  In other words, to constitute this offense as charged the shot would have had to be fired into the house for the purpose of injuring her, she being in the house. This offense is not constituted by shooting at but missing her and striking the house. Under this view of the case we are of opinion that the court should have submitted the special requested instructions to the jury to the effect that unless the shooting in the

house was for the purpose of injuring her and that at that time she was in the house they would not find him guilty, and if he was shooting at her and incidentally struck the house, this would not constitute an offense under the allegations in the indictment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE.—I am thoroughly convinced that the case of Railey v. State, 58 Texas Crim. Rep., 1, was correctly decided, and that it is the law. I do not concur in the criticism of that opinion by the opinion herein. I adhere to the decision in said Railey case.