DOCK BRONER V. THE STATE.

No. 23577. Delivered February 12, 1947.
Rehearing Denied March 19, 1947.

*Pat Beadle*, of Clarksville, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted of burglary of a private residence at night time, and assessed a penalty of five years in the penitentiary. Three grounds are presented upon which a reversal is sought: the first is insufficiency of the evidence; second, the action of the court in correcting the verdict returned by the jury; and the third relates to the sufficiency of the indictment.

Appellant is a negro, sixty-six years of age, and testifying in his own behalf he says that he has been blind for a period of forty-six years. He lives in the town of Detroit in Red River County, and is supported by government funds, presumably that paid under the State's system in co-operation with the federal government. He had become involved in illicit relation-

ship with Olivia Neal, a negro girl, and had been a frequent visitor to her home in the night time. In this way he knew the bed on which she slept, and described it as being so situated that her head was next to one window and her feet next to another window. He admits that on the night of the seventeenth of July, 1946, he went to her house with a single barrel shotgun and shot into the window, as he thought, at her feet.

The prosecutrix agrees that appellant knew her customary way of sleeping, but she had changed so that her head was next to the window through which the shot came and she suffered quite a severe wound. The pillow on which she was resting was described as being torn to pieces by the shot, and there is no conflict in the evidence as to what took place.

Reliance is had on appellant's statement that he only intended to "burn her feet." His reason for doing so was that she had quit him for another negro; that he had spent all of his money on her, and was not willing to give her up. By burning her feet he expected to scare her into associating with him again. Inconceivable as this may be to the ordinary mind, it is, nevertheless, the undenied facts of the case. The jury was not compelled to accept his statement as to intention, and with all of the facts and circumstances in the case before them they were authorized to reject his statement and to find him guilty of the charge.

When the jury returned their verdict it read as follows: "We fined the Defendant guilty as charged recommend minimum penalty. C. O. Whiteman, Foreman." The minimum penalty was five years, under the charge as submitted to the jury, and there could be no mistake as to what their intention was in the penalty to be inflicted. Finding the verdict in this form, the court properly instructed the jury that the verdict should be corrected and, with their permission, had the clerk to change it to read as follows: "We, the jury fined the Defendant guilty as charged, in the first count of the Indictment, and assess his punishment at five years confinement in the State Penitentiary. C. O. Whiteman, Foreman."

Appellant relies on Horn v. State, 35 S. W. (2d) 145. We think that this case, with the authorities therein cited and discussed, supports the action of the trial court in correcting the verdict with the consent of the jury. It was not a new verdict. It did not find him guilty of a different offense, nor assess a different penalty. Only the form of the verdict was changed,

which the court made with the jury's consent, in their presence, at the time of its return into open court.

The troublesome question presented relates to the sufficiency of the indictment which, with the formal parts omitted, reads as follows:

"Dock Broner, did then and there unlawfully, in the night time commit the offense of burglary by then and there discharging firearms, to wit, a shotgun, into the house of Olivia Neal, with the intent then and there of committing a felony, to wit, he, the said Dock Broner, did then and there with malice aforethought, discharge said gun into said house with the intent then and there to kill and murder Olivia Neal; the said Olivia Neal then and there being in said house, and he, the said Dock Broner, did then and there shoot and wound the said Olivia Neal, said house being then and there the private residence of the said Olivia Neal and then and there controlled and occupied by the said Olivia Neal as a dwelling house; and he, the said Dock Broner, did then and there shoot and discharge said shotgun into said house as aforesaid, without the consent of the said Olivia Neal."

The complaint is that this indictment fails to charge the offense of burglary of a private residence at night time as that offense is defined in Article 1391, Vernon's Ann. P. C. On this subject we find an irreconcilable conflict between the decisions of the court, beginning at an early date. Passing the less important decisions, we notice the case of Garner v. State, 19 S. W. 333, in which the indictment is almost the exact language as that found in the instant case. Apparently the pleader had that case before him in drawing the indictment. This opinion was written by Judge W. L. Davidson, dated May 4, 1892. Later, however, the case of Railey v. State, 121 S. W. 1120, was before the court in what appears to the writer to be the same question, and Judge Davidson disagreed with a holding which followed the Garner case. Judge Brooks wrote the opinion and specifically cited the Garner case as authority. The dissenting opinion by Judge Davidson is recorded in 125 S. W. 576, when he wrote on the motion for rehearing. The original opinion quotes from the Garner case, holding that "* * * to discharge firearms into a house with intent to injure any person therein is per se burglary, and constitutes all of the force and entry that is necessary and essential to that crime." In the dissenting opinion by Davidson (125 S. W. 576) we find no reference to the Garner case and we are unable to reconcile that dissent with

the opinion which Judge Davidson himself wrote in the Garner case. This case was decided in the year 1910.

The next case which we wish to notice on the subject, and the one relied upon by appellant herein, is Shackelford v. State, 203 S. W. 600, opinion dated May 8th, 1918. Judge Davidson wrote this opinion. It is in accord with the dissenting opinion in the Railey case and it follows, we think, contrary to that in the Garner case. It is noticeable, however, that in this opinion he makes no reference to the Garner case and it is not overruled. He specifically criticized the case of Railey v. State, supra, and did overrule it with the concurrence of Judge Morrow, Judge Prendergast dissented, relying on the Railey case, but did not mention the Garner case which Judge Brooks relied on in the opinion in the Railey case.

We are therefore confronted with a duty, at this time, of determining whether or not the Garner case states the law, or, on the contrary, if we should follow the holding of the majority in Shackelford v. State, supra. We do not feel that it is necessary to write more than has been written in the several cases on this subject. Specifically, the case of Shackelford v. State, 203 S. W. 600, is overruled and we adhere to the reasoning and conclusion in Garner v. State, supra, and Railey v. State, supra. The discussions in these two cases will sufficiently state our reason for so doing.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a very comprehensive motion for a rehearing in which he insists that the indictment in this case is insufficient to charge the offense of burglary of a private residence at nighttime by discharging a shotgun into it.

We have again carefully reviewed the indictment, but are unable to agree with his contention. It will be noted that the indictment which is set out in the original opinion charges all the elements constituting burglary of a private residence at nighttime. It charges that appellant, at nighttime, committed the offense of burglary by then and there discharging firearms, to-wit, a shotgun into the house of Olivia Neal with intent

then and there of committing a felony, to-wit, he, the said Dock Broner, did then and there discharge said gun into said house with the intent then and there to kill and murder Olivia Neal, who was then and there in said house. The said house then and there was the private residence of the said Olivia Neal and was then and there occupied by the said Olivia Neal as a dwelling house. The indictment in the instant case is not like the indictment in the case of Shackelford v. State, 203 S. W. 600. In that case it was merely charged that he then and there intended to injure the said Mrs. Shackelford. Consequently, it failed to charge that he intended to commit a felony or the crime of theft while in the instant case, the indictment definitely charged that he intended to commit a felony in that he intended to kill and murder Olivia Neal.

We see no need of entering upon a lengthy discussion of the matter presented inasmuch as we have reached the conclusion that the indictment is sufficient to charge the offense of night-time burglary of a private residence.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.