Clarence **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47462.

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

James W. Patterson, Houston, for appellant.

Carol S. Vance, District Atty., Phyllis Bell, Gregory Laughlin, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for burglary; the punishment, imprisonment for two years.

We are first confronted with the question of the sufficiency of the indictment. The sufficiency of indictments for the offense of burglary, alleging entry was made by discharging firearms into a house with intent to injure a person therein, has through the years given this Court much difficulty.[1]

---

1. 10 Tex.Jur.2d, Burglary, § 23 at pp. 180–181, reads as follows:
   "In general; Discharge of firearms.
   "Burglarious entry may be effected by the discharging of firearms or any other deadly missile into a house, with intent to injure any person therein. Early cases held that it is per se burglary to discharge firearms into a house with intent to injure a person therein. And that the indictment need not allege that the shooting was done with intent to commit a felony. Subsequent cases disapproved these holdings and held that the accused must have acted with an intention to commit a felony or the crime of theft. But it now appears that the early rule has been reaffirmed and the later cases overruled." (footnotes omitted).

The relevant parts of the indictment in this case read as follows:

". . . that CLARENCE WILLIAMS on or about the 10th day of January, A.D.1972, in said County and State, did commit the offense of burglary by then and there discharging firearms, to-wit, a rifle, into the house of Sam Winton, there situate, with the intent then and there of committing a felony, to-wit, he, the said CLARENCE WILLIAMS, did then and there discharge said rifle into said house with the intent then and there to injure the said Sam Winton, the said Sam Winton then and there being in said house, and he, the said CLARENCE WILLIAMS, did then and there shoot at the said Sam Winton, who was then and there in said house, which was then and there controlled by the said Sam Winton, and he, the said CLARENCE WILLIAMS, did then and there shoot and discharge said rifle into said house, as aforesaid, without the consent of the said Sam Winton." [2]

The case from which the confusion seems to stem is Garner v. State, 31 Tex. Cr.R. 22, 19 S.W. 333 (1892). Although the indictment in that case, where entry was made by discharging a firearm, alleged an intent to commit the felony offense of murder,[3] the Court also stated:

"Article 707 of our Penal Code [most recently Article 1393, V.A.P.C.], defining what constitutes an entry in burglary, declares that 'it may be constituted by the discharge of firearms or other deadly missile into the house, with intent to injure any person therein.' Under this provision of the statute, to discharge firearms into a house with intent to injure any person therein is *per se* burglary, and constitutes all the force and entry that is necessary and essential to that crime."

Then in Railey v. State, 58 Tex.Cr.R. 1, 121 S.W. 1120 (1909) the Court, relying upon a part of the language above quoted from the Garner case, held that it was sufficient, where entry into a house was made by the discharge of a firearm, to allege an intent to injure a person therein, without

2. The indictment follows the form suggested at 4 Branch's Ann.P.C., § 2529.1, at p. 857. However, the following note in the supplement to this volume indicates some doubt as to the sufficiency of this form:

"Form for indictment: burglary by discharge of firearms.

"Notwithstanding the decision in Railey v State, 58 [Tex.] Crim [R.] 1, 121 SW 1120, 124 [125] SW 576, which was overruled in Shackelford v State, 83 [Tex.] Crim [R.] 371, 203 SW 600 (which in turn was overruled in Broner v State, 150 [Tex.] Crim [R.] 195, 200 SW2d 191, and the indictments set out in the Railey and Shackelford cases which are apparently approved), the safest practice would be to follow the approved forms set out in Broner v State, supra, and Alexander v State, 160 [Tex.] Crim [R.] 460, 274 SW2d 81, cert den 348 US 872, 99 L ed 686, 75 S Ct 108, reh den 348 US 921, 99 L ed 722, 75 S Ct 290. See also Garner v State, 31 [Tex.] Crim [R.] 22, 19 SW 333."

4 Branch's Ann.P.C., § 2529.1, at p. 208 (Cum.Supp.1968–1969).

3. ". . . That 'Tom Garner, on the 24th day of August, A.D. 1889, in the county and state aforesaid, did in the nighttime commit the offense of burglary, by then and there discharging firearms, to wit, a pistol, into the house of John Burton, with the intent then and there of committing a felony, to wit, he, the said Garner, did then and there, with malice aforethought, discharge said pistol into said house with the intent then and there to kill and murder John Burton, Oliver Williams, Eddie Woods, Wilson White, and Vina Tutson, the said White, Williams, Burton, Woods, and Tutson then and there being in said house, and he, the said Garner, did then and there shoot and wound the said White, Williams, Woods, and Tutson,—the said house then and there being situated in said county, and then and there controlled and occupied by the said John Burton as a dwelling house; and he, the said Garner, did then and there shoot and discharge said pistol into said house, as aforesaid, without the consent of the said Burton, or any one else then and there authorized to give consent,' . . . "

alleging an intent to commit a felony or the offense of theft.[4]

It appears the Railey Court adopted the first part of the statement in Garner that "to discharge firearms into a house with intent to injure any person therein is *per se* burglary," without considering the qualifying phrase in the same sentence, "and constitutes all the force and entry that is necessary and essential to the crime."

In Shackelford v. State, 83 Tex.Cr.R. 371, 203 S.W. 600 (1918) the indictment alleging the appellant

> "Did then and there unlawfully commit the offense of burglary by then and there discharging a firearm, to wit, a gun, into the house occupied and controlled by Lizzie Shackelford, with the intent then and there to injure the said Lizzie Shackelford, and the said Lizzie Shackelford then and there being in said house, against the peace and dignity of the state"

was held to be insufficient. The Court there fully discussed the Railey case and implicitly overruled it.

However, in Broner v. State, 150 Tex. Cr.R. 195, 200 S.W.2d 191 (1947) the Court specifically stated that it overruled Shackelford v. State, supra, and that it adhered to the reasoning and conclusion in Garner v. State, supra, and Railey v. State, supra. The indictment in Broner [5] charges

the defendant with the intent to commit a felony, namely, murder with malice aforethought. Thus, reliance on Railey was unnecessary.

If the pleadings are considered and the dicta disregarded in the cases addressing the question, including the above discussed, Railey is the only case holding that the indictment, where burglarious entry is made by discharging a firearm into a house, need only allege an intent to injure a person therein, and need not allege an intent to commit a felony or the offense of theft. And in that case the Court failed to set out verbatim the words of the indictment.

Determining the requirements of the indictment necessitates first determining the elements of the offense. Does discharging a firearm into a house with the intent to injure someone therein constitute burglary, or must there also be an intent to commit a felony or the offense of theft?

Article 1389, Vernon's Ann.P.C., provides:

> "Burglary

> "The offense of burglary is constituted by entering a house by force, threats or fraud, at night, or in like manner by entering a house at any time, either day or night, and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft."

---

4. On rehearing in Railey v. State, supra, the motion was overruled with Davidson, P. J., dissenting. His dissent, in which he quoted extensively from appellant's brief appears in Railey v. State, 58 Tex.Cr.R. 1, 125 S.W. 576 (1910). The excellent brief, copied into the opinion, traces the legislative history of the burglary statutes from the earliest time in this State.

5. The indictment in the Broner case reads as follows:
   " 'Dock Broner, did then and there unlawfully, in the night time commit the offense of burglary by then and there discharging firearms, to wit, a shotgun, into the house of Olivia Neal, with the intent then and

there of committing a felony, to wit, he, the said Dock Broner, did then and there with malice aforethought, discharge said gun into said house with the intent then and there to kill and murder Olivia Neal; the said Olivia Neal then and there being in said house, and he, the said Dock Broner, did then and there shoot and wound the said Olivia Neal, said house being then and there the private residence of the said Olivia Neal and then and there controlled and occupied by the said Olivia Neal as a dwelling house; and he, the said Dock Broner, did then and there shoot and discharge said shotgun into said house as aforesaid, without the consent of the said Olivia Neal.' "

Article 1390, V.A.P.C., provides:

" 'Burglary' by breaking

"He is also guilty of burglary who, with intent to commit a felony or theft, by breaking, enters a house in the daytime."

Article 1391, V.A.P.C., provides in part:

"Burglary of private residence at night

"The offense of burglary of a private residence at night is constituted by entering a private residence by force, threats or fraud, at night, or in any manner by entering a private residence at any time, either day or night, and remaining concealed therein until night, with the intent, in either case of committing a felony, or the crime of theft. . . ."

Article 1393, V.A.P.C., provides

" 'Entry' further defined

"The entry is not confined to the entrance of the whole body; it may consist of the entry of any part for the purpose of committing a felony or theft, or it may be constituted by the discharge of fire-arms or other deadly missile into the house, with intent to injure any person therein, or by the introduction of any instrument for the purpose of taking from the house any personal property, although no part of the body of the offender should be introduced." [6]

We hold that Article 1393, V.A.P.C. does not create a separate and distinct offense of burglary by discharge of fire-arms, but rather further defines "entry" as it is used in other burglary statutes.

It has been generally held that to constitute the offense of burglary the entry must be made with the intent to commit a felony or the offense of theft. See Farris

v. State, 155 Tex.Cr.R. 261, 233 S.W.2d 856 (1950); Lowe v. State, 163 Tex.Cr.R. 578, 294 S.W.2d 394 (1956); Greer v. State, 437 S.W.2d 558 (Tex.Cr.App.1969). Moreover, the indictment must also allege the elements of the particular felony the defendant is charged with intending to commit after entry. Mitchell v. State, 118 Tex.Cr.R. 77, 37 S.W.2d 1018 (1931) and cases collated under 6A Texas Digest, Burglary, ▮▮▮. We now hold that these requirements apply as well to burglary where it is alleged entry has been made by the discharge of firearms as to any other burglary. See Shackelford v. State, supra. While the indictment before us alleges intent to commit a felony, it does not allege the elements of any felony the appellant is charged with intending to commit after entry.[7]

There is a complete failure to charge the offense of burglary since the indictment does not allege that entry was made with the intent to commit theft and it fails to describe the felony which it alleges the appellant intended to commit after gaining entry to the house by the discharge of a firearm. The Court's charge based upon the faulty indictment permitted the appellant's conviction for an act not made a crime by our statutes. Although raised for the first time on appeal the error is fundamental and must be sustained.

The judgment is reversed, and the indictment is ordered dismissed.

Opinion approved by the Court.

MORRISON, Judge (dissenting).

I would hold that the indictment in this case was subject to a motion to quash but does not constitute fundamental error.

I respectfully dissent.

6. Articles 1389, 1390, 1391 and 1393, V.A.P.C., among others, have been repealed by the Legislature and replaced by Section 30.02 of the new Penal Code, effective January 1, 1974.

7. For examples of valid indictments in burglary cases where it is alleged entry has been made by discharge of firearms, see Alexander v. State, 160 Tex.Cr.R. 460, 274 S.W.2d 81 (1954) and Broner v. State, supra.