NUMBER 13-05-163-CR

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

RONALD SNEED,                                                     Appellant,

 

                                           v.

 

THE
STATE OF TEXAS,                                              Appellee.

 

 

 

                  On appeal from the 130th
District Court

                         of Matagorda
County, Texas.

 

 

 

                     MEMORANDUM OPINION [1]

 

                     Before Justices Hinojosa, Yañez and
Castillo

                        Memorandum Opinion by Justice Castillo

 








A jury convicted
appellant Ronald Sneed of burglary of a habitation.[2]  The trial court assessed punishment at forty
years' confinement in the Texas Department of Criminal Justice‑Institutional
Division.  By three issues, Sneed asserts
that the evidence is insufficient to prove property was stolen and
identity.  We affirm.

I.  Relevant Facts

At approximately 6:45
in the morning of February 26, 2004, the complainant heard her garage door open
and "knew that two [men] had gone in there."  Walking outside her residence, she ordered
them to exit her garage.  One man
complied, paused momentarily, and fled through hedges on the property to the
alley along the residence.  The
complainant assumed that the second man fled through a utility room by a gate
left open outside that room.  When police
arrived, the complainant directed them to the alley.  A few minutes later, an officer returned with
a man who the complainant testified "we identified him as being the
guy." Her leaf blower was returned to her at that time.  The complainant testified that the leaf
blower, among other things, had been inside her garage.[3]  She later discovered that a weed-eater was
also missing. 








A police officer
dispatched to the scene observed Sneed in the alley behind the complainant's
residence with a leaf blower under his arm. 
Sneed fled.  After a short pursuit
on foot, the officer apprehended Sneed as Sneed "was dropping the leaf
blower."  The officer testified,
without objection, that Sneed told him "he was out for a jog and going to
a pawn shop."  The pawn shops were
not open at that time in the morning, according to the officer.  The leaf blower belonged to the complainant. 

On the same day, an
employee of a nearby day care center identified Sneed to law enforcement as the
man she saw standing on the complainant's driveway and then running through the
hedges to the alley.  In court, she
identified Sneed again.  

II. Sufficiency of the
Evidence

By his first issue,
Sneed asserts that the evidence is legally insufficient to establish the
essential theft element of property.  He
asserts that the evidence does not establish that a leaf blower was
stolen.  By his second and third issues,
he asserts the evidence is factually insufficient to prove his identity, and
that the leaf blower was stolen. 

A.  Legal Sufficiency Standard of Review








A legal sufficiency
challenge requires us to review the relevant evidence in the light most
favorable to the verdict, and then to determine whether a rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt. Sorto v. State, 173 S.W.3d 469, 472 (Tex. Crim. App. 2005)
(citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)); Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004).  This standard is designed to give "full
play to the [jury's] responsibility fairly" to "draw reasonable
inferences from basic facts to ultimate facts."  Sanders v. State, 119 S.W.3d 818, 820
(Tex. Crim. App. 2003).  We consider all
the evidence that sustains the conviction, whether properly or improperly
admitted.  Conner v. State, 67
S.W.3d 192, 197 (Tex. Crim. App. 2001) (citing Garcia v. State,
919 S.W.2d 370, 378 (Tex. Crim. App. 1994) (per curiam)).  Similarly, we consider all the evidence that
sustains the conviction, whether submitted by the prosecution or the defense,
in determining the legal sufficiency of the evidence.  King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000); Cook v. State, 858 S.W.2d 467, 470 (Tex. Crim. App.
1993).  In this review, we are not to
reevaluate the weight and credibility of the evidence; rather, we act only to
ensure that the jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993).  

B.  Factual Sufficiency Standard of Review








A factual sufficiency
review begins with the presumption that the evidence supporting the jury's
verdict is legally sufficient under Jackson.  See Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996).  In a factual
sufficiency review, we  review all the
evidence in a neutral light and determine whether evidence supporting the
verdict is too weak to support the finding of guilt beyond a reasonable doubt
or if evidence contrary to the verdict is strong enough that the beyond‑a‑reasonable‑doubt
standard could not have been met.[4]
 Threadgill v. State, 146 S.W.3d
654, 664 (Tex. Crim. App. 2004).  We
review all the evidence.  Cain v.
State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997).  We must consider the most important evidence
that the appellant claims undermines the jury's verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  However, we
approach a factual sufficiency review with appropriate deference to avoid
substituting our judgment for that of the fact finder.[5]  Johnson v. State, 23 S.W.3d 1, 6-7
(Tex. Crim. App. 2000).  Every fact need
not point directly and independently to the accused's guilt.  Vanderbilt v. State, 629 S.W.2d 709,
716 (Tex. Crim. App. 1981).  A conclusion
of guilt can rest on the combined and cumulative force of all the incriminating
circumstances.  Id.

C.  Hypothetically Correct Jury Charge








We measure the legal
and factual sufficiency of the evidence against the elements of the offense as
defined by a hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); Adi v. State, 94
S.W.3d 124, 131 (Tex. App.BCorpus Christi 2002,
pet. ref'd); Cano v. State, 3 S.W.3d 99, 105 (Tex. App.BCorpus Christi 1999,
pet. ref'd).  We then determine if any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson,
443 U.S. at 319; Johnson, 23 S.W.3d at 7.

Thus, the
hypothetically correct jury charge authorized the jury to find Sneed guilty of
the offense of burglary of a habitation if he (1) intentionally and knowingly
(2) entered the complainant's habitation (3) with the intent to commit theft.  See Tex.
Pen. Code Ann. ' 30.02(a)(3) (Vernon
2003), ' 31.03(a) (Vernon
Supp. 2005); Williams v. State, 505 S.W.2d 838, 841 (Tex. Crim. App.
1974).  "Owner" means a person
who "has title to the property, possession of the property, whether lawful
or not, or a greater right to possession of the property than the actor."  Tex.
Pen. Code Ann. ' 1.07(a)(35)(A)
(Vernon Supp. 2005).  The crucial element
of theft is the deprivation of property from the rightful owner, without the
owner's consent, regardless of whether the defendant at that moment has taken
possession of the property.  Stewart
v. State, 44 S.W.3d 582, 589 (Tex. Crim. App. 2001).  








When there is
independent evidence of a burglary, the unexplained personal possession of
recently stolen property may support an inference that the possessor is guilty
of the offense in which the property was stolen.  Harris v. State, 656 S.W.2d 481, 483
(Tex. Crim. App. 1983); Hardesty v. State, 656 S.W.2d 73, 76 (Tex. Crim.
App. 1983).  Once the permissible
inference arises, sufficiency of the evidence must still be examined according
to applicable evidentiary standards of appellate review, because the inference
is not conclusive.  Hardesty, 656
S.W.2d at 77.  Flight is also a
circumstance indicating guilt.  Colella
v. State, 915 S.W.2d 834, 839 n.7 (Tex. Crim. App. 1995) ("We have
repeatedly held that flight is evidence of a circumstance from which an
inference of guilt may be drawn."); Rumbaugh v. State, 629 S.W.2d
747, 752 (Tex. Crim. App. 1982).

In reviewing the
sufficiency of the evidence, we should look at "events occurring before,
during and after the commission of the offense and may rely on actions of the
defendant which show an understanding and common design to do the prohibited
act."  Guevara v. State, 152
S.W.3d 45, 49 (Tex. Crim. App. 2004) (citing Cordova v. State, 698
S.W.2d 107, 111 (Tex. Crim. App. 1985) and Thompson v. State, 697 S.W.2d
413, 416 (Tex. Crim. App. 1985)).  Each
fact need not point directly and independently to the guilt of the appellant,
as long as the cumulative effect of all the incriminating facts are sufficient
to support the conviction.  Id.
(citing Alexander v. State, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987)
and Russell v. State, 665 S.W.2d 771, 776 (Tex. Crim. App. 1983)).  The evidence is sufficient if the conclusion
of guilt is warranted by the combined and cumulative force of all the
incriminating circumstances.  See id.

D.  Discussion

Sneed asserts that the
evidence is legally insufficient to prove the property component of theft,
namely, the leaf blower.  The jury heard
the complainant identify the leaf blower as her property.  In the complainant's statement, which was
admitted in evidence, she stated that the leaf blower "had been right at
the front of the garage."  Sneed had
the leaf blower in his possession while in the alley, after fleeing from the
scene, and when apprehended.  








Viewed in the light
most favorable to the verdict, evidence of proximity in time and in place while
Sneed was in possession of the leaf blower identified as the complainant's
militates in favor of a conclusion that a rational trier of fact could have
found the essential element of property beyond a reasonable doubt.  Escamilla, 143 S.W.3d at 817.  We conclude that the evidence is legally
sufficient.  We overrule Sneed's first
issue.

There is no contrary
evidence in the record to demonstrate that the leaf blower was other than in
its usual place in the complainant's garage and subsequent to Sneed's forbidden
entry into the garage, on Sneed's person. 
Viewing all the evidence in a neutral light, we cannot conclude that the
evidence supporting the verdict is too weak to support the finding of guilt
beyond a reasonable doubt.  Threadgill,
146 S.W.3d at 664.  We conclude the
evidence is factually sufficient to prove the leaf blower was the property
stolen.  We overrule the second issue
presented.

Viewed in the same
light, eyewitness testimony places Sneed inside the complainant's garage, in
flight, and then apprehended.  There is
no contrary evidence.  We conclude the
evidence is factually sufficient to sustain the essential element of
identity.  We overrule Sneed's third
issue. 








Further, Sneed fled
from the scene and from law enforcement. 
His flight is evidence of a circumstance from which an inference of
guilt may be drawn.  Rumbaugh, 629
S.W.2d at 752; see also Hernandez v. State, 939 S.W.2d 173, 178 (Tex.
Crim. App. 1997).  Accordingly, we
conclude that the evidence was legally and factually sufficient to sustain the
verdict. 

III.  Conclusion 

We overrule Sneed's
three issues and affirm.

 

ERRLINDA CASTILLO

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum
opinion delivered and filed

this
23rd day of February, 2006.  

 











[1] See Tex.
R. App. P. 47.1, 47.4.  





[2] See Tex. Pen.
Code Ann. ' 30.02(a)(3) (Vernon 2003).  Enhanced, the indictment alleged that, on or
about February 26, 2004, Sneed intentionally or knowingly entered a habitation
without the effective consent of Jane Hicks, the owner, and attempted to commit
or did commit theft of property, a leaf blower. "Habitation" means a
structure that is adapted for the overnight accommodation of persons.  Tex.
Pen. Code Ann. ' 30.01(1) (Vernon 2003). 





[3] The complainant's statement was
offered by the defense and admitted in evidence.  There, the complainant states, "We
looked in the garage and my husband's yellow electric leaf blower was missing.  It had been right at the front of the
garage.  My daughter, Rebecca looked at
the leaf blower and identified it as ours."





[4] Our neutral review of all the
evidence, both for and against the challenged elements, looks to determine
whether proof of guilt is so obviously weak as to undermine confidence in the
jury's determination, or whether proof of guilt, although adequate if taken
alone, is greatly outweighed by contrary proof. 
See Zuniga v. State, 144 S.W.3d 477, 484‑85 (Tex. Crim.
App. 2004); see also Zuliani v. State, 97 S.W.3d 589, 593‑94 (Tex.
Crim. App. 2003).  We remain mindful of
the jury's role to resolve conflicts in testimony.  See Mosley v. State, 983 S.W.2d 249,
254 (Tex. Crim. App. 1998) (holding that questions concerning the credibility
of witnesses and the weight to be given their testimony are to be resolved by
the trier of fact); see also Esquivel v. State, 506 S.W.2d 613, 615
(Tex. Crim. App. 1974).





[5] We always remain aware of the fact
finder's role and unique position, a position we are unable to occupy.  Johnson v. State, 23 S.W.3d 1, 9 (Tex.
Crim. App. 2000) (en banc).  Exercise of
our authority to disagree with the fact finder's determination is appropriate
only when the record clearly indicates our intervention is necessary to stop
manifest injustice.  Id. at
9.  Otherwise, we accord due deference to
the fact finder's determinations, particularly those concerning the weight and
credibility of the evidence.  Id.  Absent exceptional circumstances, issues of
witness credibility are for the jury, and we may not substitute our view of the
credibility of a witness for the constitutionally guaranteed jury
determination.  Id.; Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979).