# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41345
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2015

Lyle W. Cayce
Clerk

VAUDA VIRGLE SHIPP, JR.,

Petitioner-Appellant

v.

FRANK LARA, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-308

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Vauda Virgle Shipp, Jr., federal prisoner # 09724-062, appeals the district court's denial of his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. The district court determined that Shipp could not pursue relief under § 2241 because he failed to show that relief under 28 U.S.C. § 2255 would be inadequate or ineffective, as is required by the savings clause of § 2255.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41345

We review the dismissal of a § 2241 petition de novo. *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). A federal prisoner may attack the validity of his conviction in a § 2241 petition if he can meet the requirements of the savings clause of § 2255. *Id.* The prisoner must make the showing that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention." § 2255(e); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). A petitioner's inability to meet the procedural requirements of § 2255 is insufficient to make the required showing. *Pack v. Yusuff*, 218 F.3d 451, 452-53 (5th Cir. 2000). Rather, a prisoner who wishes to proceed under the savings clause must establish that his claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that the claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Shipp argues that he was convicted of a nonexistent offense because *Williams v. Texas*, 505 S.W.2d 838 (Tex. Crim. App. 1975) and *Descamps v. United States*, 133 S. Ct. 2276 (2013), invalidated one of the convictions supporting his Armed Career Criminal Act enhancement. He also states that his claim is based on *Chambers v. United States*, 555 U.S. 122 (2009), which he argues is a retroactively applicable Supreme Court case. As *Descamps* and *Chambers* address sentencing issues and have no effect on whether the facts of Shipp's case would support his conviction for the substantive offense, they are not retroactively applicable Supreme Court decisions indicating that he was convicted of a nonexistent offense. *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 348 (5th Cir. 2002); *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011). Additionally, Shipp's reliance on *Williams* is misplaced as

2

No. 14-41345

it is not a Supreme Court decision. Accordingly, the judgment of the district court is AFFIRMED. Shipp's motion for the appointment of counsel and motion for remand are DENIED, and Shipp's motion for leave to file a supplemental brief is GRANTED.