### EX PARTE PEARL ROGERS.

#### No. 4967. Decided March 13, 1918.

**1.—Rape—Appeal—Habeas Corpus—Principal.**

Where relator appealed from a writ of habeas corpus proceeding refusing her discharge from custody on the charge of rape on the proposition that the facts did not show she was a principal; held, that the merits of the case involving the guilt or innocence of the accused is not a proper subject of inquiry in a writ of habeas corpus. Following Ex parte Jennings, 76 Texas Crim. Rep., 116, and other cases.

**2.—Same—Amount of Bail.**

Where, upon an appeal from a habeas corpus proceeding fixing amount

of bail, the facts showed that the same should be reduced in amount, the same is accordingly ordered.

Appeal from the District Court of El Paso. Tried below before the Hon. W. D. Howe.

Appeal from a habeas corpus proceeding asking to be released from custody.

The opinion states the case.

*Jackson, Isaacks & Lessing,* for relator.—On question that relator should be released because she was not a principal in the crime of rape: Cooper v. State, 69 Texas Crim. Rep., 405, 154 S. W. Rep., 989; O'Quinn v. State, 55 Texas Crim. Rep., 18, 115 S. W. Rep., 39; Davis v. State, 55 Texas Crim. Rep., 495, 117 S. W. Rep., 159; Bean v. State, 17 Texas Crim. App., 60; Dawson v. State, 41 S. W. Rep., 599.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The relator was the keeper of a house of prostitution. One of the inmates of the house was a girl under fifteen years of age. She appears to have been a prostitute in Mexico and had come to the relator's house at the instance of her sister and to have continued her vocation while there with relator's knowledge and at her instance.

Based on the facts thus briefly summarized, relator was indicted for statutory rape in three cases. She was ordered released on bail in the sum of $10,000 in one case and $5000 in each of the others.

Her appeal is based on the proposition that the facts do not show she was a principal. The merits of a case involving the guilt or innocence of an accused is not a proper subject of inquiry in a writ of habeas corpus. Ex parte Windsor, 78 S. W. Rep., 510; Ex parte Adams, 90 S. W. Rep., 24; Ex parte Kent, 49 Texas Crim. Rep., 12; Ex parte Jennings, 76 Texas Crim. Rep., 116, 172 S. W. Rep., 1143; Ex parte McKay, 82 Texas Crim. Rep., 221, 199 S. W. Rep., 637.

We think, considering the facts in the case, that the amount of the bail should be reduced. It is accordingly ordered that the judgment of the lower court fixing the bail at the amounts stated be reversed and the amount be reduced in each case to the sum of $3000.

*Bail reduced.*