### Jim Woodard v. The State.

#### No. 5680.  Decided February 18, 1920.

**Desertion—Minor Children—Information—Arrest of Judgment.**

Where, upon trial charging defendant with the desertion of his two minor children, the information failed to allege that these children were in destitute and necessitous circumstances, the same is fatally defective, and a *motion* in arrest of judgment can be made at any time while the case is pending in the lower court or in this court. Following: Cox et al. v. State, 8 Texas Crim. App., 254; besides, no motion to strike out was made by the State at the time.

Appeal from the County Court of Navarro.  Tried below before the Hon. H. E. Traylor, judge.

Appeal from a conviction of desertion of minor children; penalty, a fine of twenty-five dollars.

The opinion states the case.

*J. S. Simpkins, Callicutt & Johnson,* for appellant.—Cited: McDonough v. State, 19 Texas, 293.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Navarro County, of the desertion of his two minor children, and his punishment fixed at a fine of $25.

The information contains two counts—one charging the desertion of his wife, she being in destitute and necessitous circumstances; and the other charging the desertion of his two minor children, there being no allegation in said count that they were in destitute and necessitous circumstances.

Article 640-a, of Vernon's Penal Code, which is our statute defining the desertion of wife or children, specifically applies the element of destitution and necessitous circumstances to the desertion of children as well as to the desertion of the wife. We have uniformly held this allegation, as well as proof of the same, to be necessary. On this account the State's pleading is fatally defective. It is contended by the State that as the question was raised by appellant for the first time, by a motion in arrest of judgment, filed more than two days after the conclusion of the trial, in the lower court, that said question cannot now be raised and relied upon. If an indictment or information be defective in some matter of substance, it would not support a judgment, and an attack may be made on the same for the first time in this Court. Cox et al., 8 Texas Crim. App., 254.

We further observe that when said motion in arrest of judgment was filed, no counter motion to strike the same from the record was made by the State, but said motion in arrest of judgment was considered and overruled generally, by the trial court. In the absence of some showing to the contrary, we would presume that the trial court concluded that there was some sufficient excuse for failure to file said motion sooner.

We are of opinion that the second count in said information was fatally defective, and that the matter can be properly raised here.

The judgment of the lower court is reversed and the cause ordered dismissed.

*Dismissed.*