### JOHN PARR V. THE STATE.

No. 11022. Delivered January 18, 1928.

**Sale of Intoxicating Liquor—Change of Venue—Before Arrest—Erroneous.**

After indictment but before the appellant had been arrested, the court in the county of the indictment changed the venue to Franklin County. At the time this order was made, the District Court of Titus County had not acquired jurisdiction of the person of appellant, and was therefore without authority to make an order changing the venue to another county. See Taylor v. State, 81 Tex. Crim. Rep. 347, and many other cases cited in opinion, also Art. 564, 571, and 573, C. C. P.

Appeal from the District Court of Franklin County, on a change of venue from Titus County. Tried below before the Hon. R. T. Wilkinson, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney and *Robert M. Lyles*, Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

The trial was had in Franklin County on a change of venue from Titus County. Appellant attacked the jurisdiction of the court in Franklin County on the ground that the order changing the venue was improperly made. The indictment was returned by the grand jury of Titus County on the 9th day of February; the order changing the venue was made on the 10th day of February. Appellant had no attorney present representing him, was not under arrest at the time, and was not arrested until the 12th day of February, at which time the court in Titus County had adjourned. The reason recited in the order for changing the venue was that a trial alike fair and impartial to the accused and the state could not be had in Titus County "at the next term of the court." The same judge who made the order changing the venue presided at the trial in Franklin County. In a plea to the jurisdiction of that court, appellant urged that the transfer of the case was improperly made; first, because he had not been arrested when the venue was changed; second, because it was not true that an impartial trial, fair alike to the accused and the state could not be had in Titus County; that the real reason prompting the change of venue was that someone had intimated to the court that the state's witness might be gotten out of the way before the next term of court in Titus County. The court's own qualification to the bill of exception would seem to lend support to the establishment of appellant's averment. Not having been arrested at the time the order changing venue was entered, appellant had no opportunity to be heard or make objection to such action on the part of the court, and, hence there is no application of the authorities holding that unless exception is reserved at the time the order is entered later complaint thereof will not be considered. (See cases collated under Note 3, Art. 568, Vernon's C. C. P., Vol. 1). Where a change of venue has been made upon the court's own motion his action will not be reviewed unless there has been an obvious and clear abuse of his discretion under the statute. Stevens v. State, 42 Tex. Crim. Rep. 154; Branch's Ann. Tex. P. C., Sec. 299; Taylor v. State, 81 Tex. Crim. Rep. 347, 197 S. W. 196; Baker v. State, 87 Tex. Crim. Rep. 213, 220 S. W. 326; Augustine v. State, 41 Tex. Crim. Rep. 59, 52 S. W. 77. The record may present one of those exceptional cases where the court would be justified in holding that the order for the

change of venue was in fact based upon a ground not authorized by the statute, but we find it unnecessary to base our opinion upon that feature of the case.

Appellant was not arrested until several days after the order was entered and after the court in Titus County had adjourned for the term.

"There are three questions, as a general proposition, of jurisdiction; first, of the person; second, of the subject matter, and, third, the power of the court to render the particular judgment it does render. Without a concurrence of these there can be no legal authority in the court to try the case or render a judgment. Ex parte Degener, 30 Tex. Crim. App. 566. For collation of cases, 5th Vol., Roses Notes, p. 863. That case has been followed in a great number of cases and is now the settled law not only by authority of the decisions but by reason of its inherent strength and correctness."

Taylor v. State, 81 Tex. Crim. Rep. 347, 197 S. W. 196. The court in Titus County had gained jurisdiction of the case, that is, the subject matter, when the indictment was returned into court by the grand jury, but it had never secured jurisdiction or control over appellant's person. The learned trial judge may have been mislead by opinions in Rotschild v. State, 7 Tex. Crim. App. 519; Phipps v. State, 100 Tex. Crim. Rep. 607, 272 S. W. 209, and other cases holding that it is not necessary for accused to be present when the order changing the venue is entered. In none of the cases does it appear that the order was made prior to the arrest of accused. In Rotschild v. State, which is the leading case on the subject, accused himself made the application for the change of venue, and was present during the hearing on the application. He was not in court when the order of transfer was actually made but was represented by counsel who was present and saved a bill of exception to the order. The point decided was, that it was not necessary for accused in person to be in court when the order was actually made. Many provisions are found in the statute relating to change of venue which clearly show that it was never contemplated by the Legislature that an order for such change should be made prior to the arrest of the party to be affected thereby. Art. 564, C. C. P. provides that "in all cases before a change of venue is ordered, all motions to set aside the indictment, and all special pleas and exceptions which are to be determined by the judge, and which have been filed, shall be disposed of by the court, and if overruled, the plea of not guilty entered." Before accused's arrest, no action to set aside the indictment could be

taken, no exceptions or special pleas—which latter must ordinarily be sworn to—could be presented, and certainly no plea of not guilty could be entered by accused. It has been held in innumerable cases that under such article motion to quash the indictment comes too late when first made in the court to which the case has been transferred. (Shipman v. State, 98 Tex. Crim. Rep. 533, 265 S. W. 570, and authorities therein cited). Such opinions can be based only upon the assumption that opportunity existed for the attack on the indictment to be made in the court of original venue. Many attacks on indictments involve questions of fact which necessitate an examination of witnesses. It was the clear intention of such statute that this investigation should be had in the county in which the indictment was returned and witnesses not be subjected to the inconvenience of going a distance to another jurisdiction, nor the court of the changed venue suffer the delay incident to such a proceeding.

"This article (564 C. C. P.) evidently contemplates that all questions relating to the form of the indictment, and other incidental questions, must be raised and disposed of before a change of venue, and that nothing should remain thereafter but the trial of the general issue. Caldwell v. State, 41 T. 86; Loggins v. State, 8 Crim. Rep. 434; Ex /parte Cox, 12 Crim. Rep. 665; see Barr v. State, 16 Crim. Rep. 333.

"This article requires that all matters which do not affect the substance of the change must be disposed of before the defendant applies for change of venue. Vance v. State, 34 Crim. Rep. 395, 30 S. W. 792, and cases cited; Goode v. State, 57 Crim. Rep. 220, 123 S. W. 597."

Note 4, page 490, Vernon's C. C. P., Vol. 1. None of the things held to be contemplated by Art. 564 could be accomplished before the accused had been arrested. Art. 571 C. C. P. provides that if accused is on bail when the venue is changed he shall be required to enter into a recognizance conditioned upon his appearance before the court to which the case has been transferred, and (Art. 573) if accused is in custody when the venue is changed an order shall be made for his removal to the proper county and for his delivery to the sheriff of said county. Both Arts. 571 and 573 very plainly indicate that accused should have been arrested and brought under the control of the court before any right to order a change of venue was contemplated.

In our opinion the judge in Titus County had no power to order the case to Franklin County until after appellant had

been arrested.  The disposition of the case makes it unnecessary to consider other questions presented.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*