## CLEO MITCHELL v. THE STATE.

No. 14224. Delivered April 8, 1931.

The opinion states the case.

*F. A. Dale,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for burglary; punishment, two years in the penitentiary.

An unbroken line of authorities in this state lay down the rule that when one is charged with burglary with intent to commit some felony, it is necessary that the indictment set out the constituent elements of the felony which the state charges the accused intended to commit after his entry into the building. Reed v. State, 14 Texas App., 666; Treadwell v. State, 16 Texas App., 643; O'Brien v. State, 27 Texas App., 448. The indictment in the instant case fails to allege that appellant intended to take from the possession of its named owner corporeal personal property in said house. This is one of the necessary elements of the crime of theft, this being the felony which the state set up in its indictment appellant intended to commit after entry. There are many other authorities in point. It seems unnecessary to attempt to analyze them.

The indictment appearing to be bad, the judgment will be reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*