EX PARTE MARTHA FANN MERRIELL

No. 28,631. October 24, 1956.

*J. W. Reid,* of *Reid & Reid,* Abilene, for relator.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order of the district court of Taylor County denying the relief prayed for by writ of habeas corpus and remanding the relator to the custody of the sheriff.

It appears from the record before us that relator was on February 21, 1956, convicted in the county court of Taylor County under an information charging swindling by worthless check.

No notice of appeal appears to have been made, and no action taken on behalf of relator, until July 31, 1956, when she applied for the writ of habeas corpus, alleging that the judgment, by virtue of which she is confined, is void because it was based on an information which charges no offense under the law.

We are cited a number of cases which raise a serious question as to the sufficiency of the pleadings and proof had an appeal been perfected to this court.

Ex parte Jonischkies, 88 Tex. Cr. Rep. 574, 227 S.W. 952, is cited as authority for this court to test in a collateral attack the question of whether or not an offense under the law was charged in the information under which the relator was tried.

The rule applied in the Jonischkies case was that the complaint must state facts which, if true, amount to a violation of the law; otherwise, it is void.

Recently in Ex parte Brannon, (page 311 this volume), 290 S.W. 2d 914, we had occasion to reaffirm the rule that where there is a valid law under which the prosecution could be maintained, the indictment, however irregular or insufficient in its averments, is not subject to attack by habeas corpus.

The rule applies alike to complaint and information and, in effect, is the same rule which was applied in Ex parte Jonischkies.

We are unable to agree with appellant's contention that a prosecution could not be maintained under Article 567b, V.A.P.C., upon the instrument set out in the complaint and information because it was drawn on First National—Dallas, Texas, and did not show on its face whether "First National" was a bank, a person, a firm or a corporation.

There being a valid law under which a sufficient complaint and information could have been drawn for the act of obtaining property with intent to injure and defraud by the giving of the check, draft or order set out in the information, any irregular or insufficient averment of facts would not entitle appellant to relief by habeas corpus.

The judgment is affirmed.