■ Where the state relies upon the quantity of liquor possessed to show the purpose of such possession as it did in this case, upon objection to such failure, a definition of the term "prima facie evidence" should be given in the charge to the jury. Floeck v. State, 34 Tex.Cr.R. 314, 30 S.W. 794; Caldwell v. State, 101 Tex.Cr.R. 75, 273 S.W. 608; Uptmore v. State, 116 Tex. Cr.R. 181, 32 S.W.2d 474; Smith v. State, 117 Tex.Cr.R. 303, 36 S.W.2d 532; Brown v. State, 118 Tex.Cr.R. 208, 39 S.W.2d 51; Seay v. State, 134 Tex.Cr.R. 255, 115 S.W. 2d 418.

■ Appellant further contends that the trial court erred in permitting the state to use a prior conviction for an offense of like character a second time for the purpose of enhancing the penalty. Since Kinney v. State, 45 Tex.Cr.R. 500, 78 S.W. 225, 79 S.W. 570, this court has consistently held that a prior conviction for an offense of like character can be successfully used only one time for the purpose of enhancing the penalty. Miller v. State, 139 Tex.Cr.R. 406, 140 S.W.2d 859; Cothren v. State, 139 Tex. Cr.R. 339, 140 S.W.2d 860; McGill v. State, 160 Tex.Cr.R. 324, 269 S.W.2d 398; Evans v. State, 160 Tex.Cr.R. 517, 272 S.W.2d 732. In this connection, we further observe that a misdemeanor conviction for driving while intoxicated may be used more than once for the purpose of charging a felony under Art. 802b, Vernon's Ann.P.C. Hill v. State, 158

Tex.Cr.R. 313, 256 S.W.2d 93; Johnson v. State, 160 Tex.Cr.R. 290, 269 S.W.2d 393.

Other contentions presented by the appellant are not discussed as they likely will not arise on another trial.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

**A. R. MARQUIS, Appellant,**

v.

**Daniel BENFER, Appellee.**

No. 13060.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 19, 1956.

Rehearing Denied Feb. 13, 1957.

Arnold W. Franklin, Jourdanton, Harry J. Schulz, Three Rivers, for appellant.

Golder H. Russell, Walter F. Rudeloff, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is a spring gun or mantrap case. A. R. Marquis, appellant herein, was the owner of a tract of land, upon which he had his

home, located about twenty-five miles south of Tilden in McMullen County. He was often away from home, and during his absence thieves would break into the house and steal his property. He reported these instances to the sheriff of the county, but it had not been possible to apprehend the culprits. In July, 1954, Marquis found it necessary to be away from home, so he set a spring gun inside his house and pointed it in the direction of the front door, which was securely locked with two strong locks. The gun was so set that if any one opened the front door it would fire in that direction.

Daniel Benfer, appellee herein, was a trapper of predatory animals and was trapping in the vicinity of appellant's home. On or about July 21, 1954, appellee went to appellant's house during the daytime in a pick-up truck, and leaving his elderly father sitting in the truck went to the front door of appellant's home, opened the door and was shot by the spring gun. The locks on the front door were broken but appellee testified that he did not break them. He testified that his purpose in going to the house was to inspect it and see if he would like to rent it.

The jury found, among other things, in effect, that appellee in attempting to open the door to appellant's house did so with the intention of inspecting the same with a view of renting it for living quarters, and that he did not intend to steal therefrom personal property belonging to appellant.

Based upon the jury verdict, the trial court rendered judgment in appellee's favor in the sum of $7,500, from which judgment A. R. Marquis has prosecuted this appeal.

■ Appellant's first contention is that the trial court erred in not granting his motion for an instructed verdict. In passing upon this question we must view the testimony in a light most favorable to appellee and disregard that testimony which is to the contrary. When this is done we find that appellant set a spring gun in his house and left it there, both day and night, so set

that if the front door of his house was opened as much as two inches the gun would fire in the direction of the door. At the time the gun was set the front door was securely closed by two locks, but thereafter someone other than appellee broke these locks. Appellee desired to rent appellant's home and went there in the daytime, with no felonious intent and with no intent to commit the offense of theft, but only for the purpose of inspecting the house to see if he would like to rent it. When he opened the front door the spring gun fired and he was struck in the stomach by eleven buck shots which severely injured him and almost cost him his life. Under such circumstances appellant was not justified as a matter of law in so setting the spring gun, and was not entitled to an instructed verdict.

Art. 1222, P.C., provides, among other things, that a person is justified in killing or doing serious bodily harm to another to prevent burglary. Art. 1389, P.C., defines burglary as follows:

"The offense of burglary is constituted by entering a house by force, threats or fraud, at night, or in like manner by entering a house at any time, either day or night, and remaining concealed therein, with the intent in either case of committing a felony or the crime of theft."

Art. 1390, P.C., further provides:

"He is also guilty of burglary who, with intent to commit a felony or theft, by breaking, enters a house in the daytime."

Art. 1394, P.C., defines what is meant by the term "breaking" as follows:

"By 'breaking,' as used in this chapter, is meant that the entry must be made with actual force. The slightest force, however, is sufficient to constitute breaking; it may be by lifting the latch of a door that is shut, or by raising a window, the entry at a chim-

ney, or other unusual place, the introduction of the hand or any instrument to draw out the property through an aperture made by the offender for that purpose."

The gravamen of the offense of burglary is the intent with which a person enters a house. It is quite clear that even though a person breaks and enters a house, unless he does so with the intent to commit a felony or the offense of theft, he is not guilty of burglary. Farris v. Texas, 155 Tex.Cr.R. 261, 233 S.W.2d 856. The jury found in effect that appellee did not enter appellant's home with the intent to commit a felony or the crime of theft, therefore, appellee was not in the act of committing burglary at the time he was shot and the shooting was not justified under a literal construction of art. 1222, supra.

The law does not look with favor upon the setting of spring guns intended to injure human beings, and it is only when a person would have been justified in firing the shot if he had been personally present at the time the spring gun was discharged that he is justified in having set such spring gun, and therefore not liable for the damage done to another as the result of its being discharged. Grant v. Hass, 31 Tex. Civ.App. 688, 75 S.W. 342; Allison v. Fiscus, 156 Ohio St. 120, 100 N.E.2d 237, 44 A.L.R.2d 369.

This brings us to a consideration of the question as to whether appellant would have been justified in firing the shot which injured appellee if he had been in his house at the time. Under the jury findings, supported at least by appellee's testimony, appellee went to appellant's house in the daytime for the purpose of inspecting the house, and with no intention of committing a felony or the crime of theft. The door was not locked and when he attempted to open it he was shot. Under such circumstances, as a matter of law, if appellant had been present, he would not have been justified in shooting appellee.

Appellant now contends that, under the law, even though appellee did not intend to commit a felony or the crime of theft at the time he entered the house, if appellant had been present and it had reasonably appeared to him that such was appellee's intention, appellant would have been justified in firing the shot that injured appellee. We may concede for the purposes of this appeal that such is the law, but the matter was not plead, no evidence was offered and no special issue on the subject was requested, and therefore such special defense was waived.

Appellant did except to the charge because the court did not instruct the jury concerning the right of appellant to defend his property. If such a charge had been given it would have been a general charge and would have had no application to any special issue submitted and therefore have been improper. Furthermore, appellant did not submit a substantially correct charge upon this matter, and for this reason alone was not entitled to the charge. Rule 273 and Rule 279, Texas Rules of Civil Procedure.

Here the evidence shows conclusively that appellee was shot and seriously wounded by a spring gun set by appellant. Under such situation, the burden was upon appellant to offer evidence and secure a jury finding to the effect that he was justified in setting the spring gun. Especially was this true when appellee secured a jury finding, based upon sufficient evidence that he was not intending to commit a felony or the offense of theft at the time he opened the front door of appellant's home.

The judgment is affirmed.