## EX PARTE RAY GOODWIN MILLER

No. 35,002.  October 10, 1962

*Rutledge & Rutledge*, Abilene, for petitioner.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

This is an original habeas corpus proceeding attacking as void a conviction in the County Court of Callahan County in a prosecution which was instituted in a justice court in said county, the complaint alleging that the relator herein "did then and there unlawfully and wilfully Pass-insufficient Clearance against the peace and dignity of the State".

Trial de novo in the County Court resulted in a conviction with punishment assessed at a fine of $10, from which no appeal lies. Art. 53 C.C.P.

Relator sought and obtained the issuance of writ of habeas corpus from this Court following his arrest upon capias pro fine issued to enforce the judgment of the County Court.

There is no question but that the complaint does not charge an offense. The question is whether it is void.

If there is a valid law under which a complaint could have been drawn for the act charged, any irregularity or defect of commission or omission which would render the pleading voidable and not void would not entitle the defendant to relief by habeas corpus. Branch's Ann. P.C. 2d Ed., Sec. 261, and cases cited.

We have been furnished with the record of the trial de novo in County Court from which we find that the relator herein was tried and found guilty of violating Art. 6701d, Sec. 56, of the Uniform Act Regulating Traffic on Highways, the gist of the offense being the driving of a vehicle to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction, while the left side was not clear of on-coming traffic.

In Ex Parte Merriell, 163 Texas Cr. Rep. 534, 294 S.W. 2d 400, we said: "The rule applied in the Jonischkies case was that the complaint must state facts which, if true, amount to a violation of the law; otherwise it is void."

We are aware of no statute which makes it an offense to "unlawfully and wilfully Pass-insufficient Clearance", and it is clear that if there were such a statute it would be void for indefiniteness.

We do not deem it necessary to review the holding of this Court in Ex Parte Jonischkies, 88 Texas Cr. Rep. 574, 227 S.W. 952, and in Ex Parte Minor, 146 Texas Cr. Rep. 159, 172 S.W. 2d 347, and Ex Parte Helton, 128 Texas Cr. Rep. 112, 79 S.W. 2d 139, which construed and limited said holding. In the latter case we said that the inquiry "* * * is not whether there is in the indictment such specific allegation of the details of the charge as would make it good on demurrer, but whether the indictment describes a class of offense of which the court has jurisdiction and alleges the defendant to be guilty."

We hold that where, as here, no facts are alleged in the complaint which, if true, constitute an offense, and no facts are alleged which show that offense was meant to be charged, a final conviction under such complaint is void and may be attacked by habeas corpus.

Relator is ordered discharged from confinement under the capias pro fine.