Gerald C. BUCHANAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 47295.

Court of Criminal Appeals of Texas.

Feb. 27, 1974.

Rehearing Denied March 27, 1974.

John K. Coil, Dallas, for appellant.

Henry Wade, Dist. Atty., and John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is exhibiting an obscene motion picture; the punishment, set by the trial court, six (6) months, probated, and a $500.00 fine.

Appellant raises five grounds of error.

In ground of error number one, appellant complains of the trial court's failure to quash the information because the name of the film in question was not specified. The pertinent parts of the information complained of are as follows:

". . . that one GERALD C. BUCHANAN . . . on or about the 2nd day of November, A.D., 1971, in the County of Dallas and State of Texas, did unlawfully and knowingly exhibit to W. H. Hilburn, obscene matter, to-wit, a motion picture depicting acts of sexual intercourse and oral sodomy between human beings of the same and different sexes."

Article 527, Section 7, Vernon's Ann.P. C., states:

"The jury, or the court, if a jury trial is waived, shall render a general verdict, and must also render a special verdict as to whether the matter named in the charge is obscene. The special verdict or findings on the issue of obscenity may be: 'We find the _____ (title or description of matter) to be obscene. . . .'

\* \* \* \* \* \*

"A special verdict shall *not* be admissible as evidence in any other proceeding, nor shall it be res judicata of any question in any other proceeding." (Emphasis supplied).

In the case of Bryers v. State, Tex.Cr. App., 480 S.W.2d 712, at n. 11, Presiding Judge Onion noted:

"It is a fair inference from the special verdict form suggested that the title or a description of the allegedly obscene matter must be included in the submission to the finder. Since the statute appears to require submission of title or description, *it would be prudent to give careful attention to the drafting of accusatory pleadings.*" (Emphasis supplied).

While it appears that the State failed to heed this admonition in the present case, that action is not fatal to the conviction. At the trial, appellant's counsel asked for a stipulation that the "film did have on it a title called 'Daddy's Girls.'" Appellant would be protected against a second prosecution for the same offense, since a person pleading former acquittal or conviction in this State may allege

and prove the facts which show the identity of the offense although this may not appear upon the face of the indictment or in the recitals in the judgment. Luna v. State, 493 S.W.2d 854 (Tex.Cr.App.1973).

No reversible error is shown.

■ In ground of error number two, appellant asserts that no expert evidence was given to aid the trial court in his determination that the films were obscene. The prosecution and the defense counsel agreed that the film before the court in this case was the same film which this trial judge had viewed previously in a companion case. Based on this viewing of the film, the trial court determined that the film was obscene. In the recent case of Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 2634, 37 L.Ed.2d 446, the Unitted States Supreme Court stated, "Nor was it error to fail to require 'expert' affirmative evidence that the materials were obscene when the materials themselves were actually placed in evidence." See also Richards v. State, 497 S.W.2d 770 (Tex.Civ.App.1973, n. w. h.). Since, as will appear later in this opinion, we hold that the film was in evidence, no additional expert testimony or evidence was required. See also West v. State, (No. 45,090, delivered February 13, 1974); United States v. Groner, 479 F.2d 577 (5th Circuit, 1973). No error is shown.

■ In ground of error number three, appellant challenges that the trial court only found one film obscene. The trial judge found that the *film* was obscene. The film, which we have before us, is comprised of two reels. We are unable to hold that the failure to find each separate reel of film obscene is reversible error.

■ In ground of error number four, appellant complains that the sentence does not reflect a finding by the trial court that the film was obscene. In a supplemental transcript of the trial proceedings we find a "special verdict" by the trial court that the "film in question is obscene." This

complies with the requirements of Article 527, Sec. 7, supra.

■ In his final ground of error, appellant contends that the evidence is insufficient to show obscenity, in particular because the film in question was not introduced into evidence. The record reflects that the prosecutor and defense attorney stipulated that the film, which had been placed into evidence in the companion case, was in evidence before this trial court. The film has been forwarded to this Court and has been reviewed by this Court. We are of the opinion that the trial court was justified in finding the film obscene. West v. State, supra.

Finding no reversible error, the judgment is affirmed.