Ex parte James Earl CANNON.

No. 51046.

Court of Criminal Appeals of Texas.

May 12, 1976.

On State's Motion for Rehearing
Nov. 10, 1976.

State's Second Motion for Rehearing
Denied Feb. 23, 1977.

Barry P. Helft, Dallas, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A.C.C.P.

Petitioner was convicted of the offense of burglary of a habitation on his plea of guilty before the court, and assessed a five year term of imprisonment on June 27, 1974. No appeal was perfected in the cause.

Petitioner filed his application for writ of habeas corpus with the trial court alleging that his indictment in this case was fundamentally defective because it did not contain allegations in the state's pleading that appellant "willfully, knowingly, and intentionally" committed said offense. In other words, petitioner's pro se complaint charged that the indictment failed to allege a culpable mental state. See V.T.C.A. Penal Code, Sec. 6.02(d). The trial court denied the writ, finding that petitioner had waived any complaint to the indictment since no objection had been raised at trial.

In addition to petitioner's pro se complaint that the indictment fails to allege a culpable mental state, petitioner's attorney has filed a brief which also points out that this indictment for burglary of a habitation fails to allege that the entry onto the premises was accomplished "with the intent to commit a felony or theft." See V.T.C.A. Penal Code, Section 30.02(a)(1).

■ Initially, we note that if the indictment in the case at bar is fundamentally defective, so as not to charge an offense against the laws of Texas, said indictment may be challenged in a post-conviction habeas corpus case. See *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975); *Ex parte Roberts,* 522 S.W.2d 461 (Tex.Cr.App. 1975). The indictment in the present case reads as follows, to-wit:

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS, the Grand Jurors, good and lawful men of the County of Dallas, duly elected, tried, empaneled, sworn and charged to inquire of offenses committed within the body of said Dallas County, upon their oaths do present in and to the 203RD JUDICIAL District Court, _____ of Dallas, County, at the JANUARY Term, A.D., 1974, that one,

JAMES EARL CANNON

hereinafter styled Defendant, on or about the 23 day of April in the year of our Lord One Thousand Nine Hundred and 74 in the County and State aforesaid, did unlawfully, then and there, with intent to exercise control over the property of Robert N. Smith, enter a habitation without the effective consent of Robert N. Smith, the said owner.

■ It is obvious that the above-mentioned indictment fails to allege that petitioner entered the habitation "with the intent to commit a felony or theft". The allegation in the indictment that the petitioner intended to "exercise control over the property" is not sufficient to allege the crime of theft. Under V.T.C.A. Penal Code, Section 31.03, theft is defined, for our purposes, as occurring when a person "exer-

cises control over the property, without the owner's effective consent."

▆ The indictment in the case at bar, if read in its logical order, alleges that appellant "unlawfully entered a habitation without the effective consent of Robert N. Smith, the said owner, with the intent to exercise control over the property of Robert N. Smith". Read in this logical fashion, the indictment does not allege that the appellant intended to "exercise control over the property without Robert N. Smith's consent" which would be necessary to allege theft under V.T.C.A. Penal Code, Section 31.03. See *Gonzales v. State,* 517 S.W.2d 785 (Tex.Cr.App.1975). The intent with which entrance was made is an essential element of the offense of burglary and therefore must be pled and proved. See *Lowe v. State,* 163 Tex.Cr.R. 578, 294 S.W.2d 394 (1956); *Marquis v. Benfer,* 298 S.W.2d 601 (Tex.Civ.App.—San Antonio 1956, writ ref'd n. r. e.); *Green v. State,* 437 S.W.2d 558 (Tex.Cr.App.1969). See also *Williams v. State,* 505 S.W.2d 838 (Tex.Cr. App.1974); *Worthington v. State,* 469 S.W.2d 182 (Tex.Cr.App.1971).

The indictment being fundamentally defective, and not alleging an offense against the laws of Texas, same is insufficient to support a conviction, and therefore this conviction is void. See *Standley v. State,* supra; *Ex parte Roberts,* supra.

Petitioner's pro se complaint that the indictment fails to allege a culpable mental state need not be reached at this time since the indictment is fundamentally defective for other reasons.

The petition for writ of habeas corpus is granted, and the indictment in trial court cause number C–74–5617–PK is hereby dismissed, and petitioner is ordered released from custody.

It is ordered.

ODOM, Judge (concurring).

*I* concur in the majority's disposition of this habeas corpus action filed pursuant to Article 11.07, V.A.C.C.P.

Presented for this Court's consideration is whether the indictment is fundamentally defective. If the indictment fails to allege an offense against the laws of Texas, then it was insufficient to invoke the jurisdiction of the trial court, and the conviction was void and subject to attack at any time. On the other hand, if the indictment is merely duplicitous, fails to give sufficient notice of what acts are charged, or fails to allege sufficient facts to bar a subsequent conviction, then any complaint would be of nonjurisdictional defects, and be deemed waived by the failure to make timely objection. See *American Plant Food Corp. v. State,* Tex.Cr.App., 508 S.W.2d 598, 604.

Our attention should therefore be directed to the sufficiency of the indictment to allege an offense against the laws of Texas. Because such a defect, if shown, is jurisdictional in that it goes to the power of the trial court to hear the case and to enter a judgment of conviction against him, it may be asserted at any time.

It is fundamental in our system of government that sovereignty resides in the people and that the State may exercise only those powers given to it by law, and only in the manner and according to the forms authorized by law. Courts may exercise only those powers granted them, and even those powers may be exercised only when the power to act is properly invoked. These principles are stated in many decisions of the high courts of this State, some of which follow.

Chief Justice Cureton, speaking for the Supreme Court of Texas in *Morrow v. Corbin,* 122 Tex. 553, 62 S.W.2d 641, wrote:

" 'Judicial power' is the power of a court to decide and pronounce a judgment and carry it into effect between persons and parties who bring a case before it for a decision. *Muskrat v. United States,* 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246; *Liberty Warehouse Co. v. Grannis,* 273 U.S. 70, 47 S.Ct. 282, 71 L.Ed. 541; 11 Texas Jurisprudence, pp. 711, 712, Sec. 9, and cases cited in the notes."

"Jurisdiction" refers to the exercise of this power. In *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063, Chief Justice Cureton stated this truth thusly:

"Jurisdiction is power to hear and determine the matter in controversy according to established rules of law, and to carry the sentence or judgment of the court into execution. *Banton v. Wilson*, 4 Tex. 400, 402; *Withers v. Patterson*, 27 Tex. 491, 496, 86 Am.Dec. 643; *Templeton v. Ferguson*, 89 Tex. 47, 54, 33 S.W. 329: *G. T. & W. Ry. Co. v. Lunn* (Tex.Civ. App.), 141 S.W. 538, 541; Corpus Juris vol. 15, pp. 723 to 726; *Swift & Co. v. Memphis Cold Storage Warehouse Co.*, 128 Tenn. 82, 158 S.W. 480, 485."

The Court of Criminal Appeals, speaking through Judge Davidson in *Williams v. State*, 145 Tex.Cr.R. 536, 170 S.W.2d 482, said, ". . . jurisdiction means the power of the court to hear and to determine the case."

Necessary to the exercise of its power, a court must secure jurisdiction to do so, which jurisdiction is of three parts. This truth was expressed in *Parr v. State*, 108 Tex.Cr.R. 551, 1 S.W.2d 892, quoting from *Taylor v. State*, 81 Tex.Cr.R. 347, 197 S.W. 196, as follows:

"There are three questions, as a general proposition, of jurisdiction: First, of the person; second, of the subject-matter, and, third, the power of the court to render the particular judgment it does render. Without a concurrence of these there can be no legal authority in the court to try the case or render a judgment."

For additional statements of the meaning of jurisdiction, see *Emery v. State*, 57 Tex. Cr.R. 423, 123 S.W. 133; *Farmers' Nat. Bank v. Daggett*, Tex.Com.App., 2 S.W.2d 834, 839; *Ex parte Armstrong*, 110 Tex. Cr.R. 362, 8 S.W.2d 674; 16 Tex.Jur.2d, Criminal Law, Sec. 191; 22 C.J.S. Criminal Law § 107.

The requirement of jurisdiction before action is fundamental to our system of government. In *State v. Klein*, 154 Tex. Cr.R. 31, 224 S.W.2d 250, a writ of prohibition to prevent an unlawful exercise of power by the District Court of Willacy County issued after reasoning founded upon the principle, "For a court to act, it must have jurisdiction to do so. This is fundamental. 11 Tex.Jur., Courts, Sec. 9, p. 711; 12 Tex.Jur., Criminal Law, Sec. 111, p. 385."

All jurisdictional requirements must be satisfied or the court's action, other than dismissal, is void. "There are three facts that seem to be absolutely necessary to the jurisdiction of the court or as jurisdictional questions: First, the court must have jurisdiction of the person; second, of the subject-matter; and, third, to render the particular judgment rendered. *Otherwise, the prosecution will be void, as also the judgment.*" (Emphasis added.) *Emery v. State*, supra. "If the court has no jurisdiction, it should proceed no further with the case other than to dismiss it for want of power to hear and determine the controversy. *In such a case, any order or decree entered, other than one of dismissal, is void.*" (Emphasis added.) *Hall v. Wilbarger County*, 37 S.W.2d 1041, 1046 (Tex.Civ.App.—Amarillo 1931), affirmed, Tex.Civ.App., 55 S.W.2d 797. "If the trial court was without jurisdiction for any reason, the judgment rendered by it is void . . .." *State v. Olsen*, Tex., 360 S.W.2d 398. "Since the Dallas county district court had no jurisdiction of this particular case, what was done therein was necessarily void, for *judicial action without jurisdiction is void.*" (Emphasis added.) *Cleveland v. Ward*, supra, at 1071. See also 15 Tex.Jur.2d, Courts, Sec. 50; 16 Tex.Jur.2d, Criminal Law, Sec. 181.

Because judicial action without jurisdiction is void, it cannot be waived and may be raised at any time. "Although most rights and procedural matters may be waived, jurisdictional matters may not be." *Casias v. State*, Tex.Cr.App., 503 S.W.2d 262. "A judgment which is void is conclusive of nothing, and may be the subject of inquiry in a collateral proceeding." *Ex parte Duncan*, 42 Tex.Cr.R. 661, 62 S.W. 758. "It is within the power of the parties to a lawsuit to waive simple irregularities affecting their rights; but they cannot waive such

matters as jurisdiction in the court to hear and determine their controversies. . ." *Hall v. Wilbarger County,* 37 S.W.2d 1041 (Tex.Civ.App.—Amarillo, 1931), affirmed, Tex.Civ.App., 55 S.W.2d 797. See also, *Farmers' Nat. Bank v. Daggett,* supra; *Ex parte Armstrong,* supra.

In recent days institutions of government have been the object of criticism for exercising powers they do not possess. It is common knowledge that the courts have not been immune from such criticism. All who exercise powers of government in the name of the people would do well to re-examine the source of such powers. The judiciary might well keep in mind the words of Chief Justice Stayton who in 1888, speaking for the Supreme Court of Texas in *Stuart v. Anderson,* 70 Tex. 588, 8 S.W. 295, 299, wrote, "The exercise or assumption of a power when a fact necessary to its existence is wanting, is usurpation."

Prerequisite to the exercise of State power by a court to hear and determine a particular case is the proper invocation of the jurisdiction of that court. "Jurisdiction of a court must be legally invoked; and when not legally invoked, the power to act is as absent as if it did not exist." *State v. Olsen,* 360 S.W.2d 398, 400; *Ex parte Caldwell,* Tex.Cr.R., 383 S.W.2d 587; *Newton v. State,* Tex.Cr.R., 509 S.W.2d 610, 613. To invoke that power for criminal prosecution, it is required that the State file a written pleading alleging facts that, if proven, would show the commission of an offense against the laws, which offense must be within the subject-matter jurisdiction of the court. See, e. g., *Bass v. State,* Tex.Cr.App., 427 S.W.2d 624, 626; *Ex parte Vasquez,* 122 Tex.Cr.R. 475, 56 S.W.2d 190; *Bragg v. State,* 109 Tex.Cr.R. 632, 6 S.W.2d 365; *Parr v. State,* 108 Tex.Cr.R. 551, 1 S.W.2d 892; *Lott v. State,* 18 Tex.App. 627. To prosecute for a felony, prior to enactment of Article 1.141, V.A.C.C.P., jurisdiction could be invoked only by the filing of an indictment. *King v. State,* Tex.Cr.App., 473 S.W.2d 43, 49. Even with the enactment of that article, it is still essential that the State's pleading allege facts showing the commission of an offense within the jurisdiction of the court, for without such allegations the court is without power to proceed, and a conviction in such event is void and subject to attack at any time. See, e. g., *Woodward v. State,* 86 Tex.Cr.R. 632, 218 S.W. 760; *Barnes v. State,* 79 Tex. Cr.R. 395, 185 S.W. 2; *Bass, Vasquez, Bragg, Parr, Lott,* all supra.

This review of rules governing the powers of courts is made here in order that it may be clear to all that a jurisdictional defect in an indictment is something wholly different both in origin and in consequences from non-jurisdictional defects such as duplicity or want of sufficient notice. The latter may be waived while the former may not. Cf. *Day v. State,* Tex.Cr.App., 532 S.W.2d 302, 315, n. 7. In assessing an issue of adequate notice, it is proper to regard the State's pleading with an eye from the defendant's position, but in assessing the sufficiency of the State's pleading to invoke the jurisdiction of the trial court, the allegations must be viewed objectively without regard to the defendant's perspective, and the acts set out must be measured against the law they are supposed to violate. It is not enough to say that a defendant found the notice adequate, because notice is not at issue. It is the power of the court that is at issue.

It is obvious that the indictment in the case at bar fails to allege that petitioner entered the habitation "with the intent to commit a felony or theft." The allegation in the indictment that the petitioner intended to "exercise control over the property" is not sufficient to allege the crime of theft. Under V.T.C.A. Penal Code, Sec. 31.03, theft is defined, for our purposes, as occurring when a person "exercises control over the property, without the owner's effective consent."

The indictment being fundamentally defective, and not alleging an offense against the laws of Texas, it was insufficient to invoke the jurisdiction of the trial court and will not support a conviction; and therefore this conviction is void. See *Standley v.*

*State,* Tex.Cr.App., 517 S.W.2d 538; *Ex parte Roberts,* Tex.Cr.App., 522 S.W.2d 461.

I therefore concur in granting the relief.

DOUGLAS, Judge (dissenting).

On June 27, 1974, the applicant was convicted for the offense of burglary of a habitation. He did not appeal. He filed his application for a writ of habeas corpus in the court where he was convicted alleging that the indictment was fundamentally defective because it did not allege a culpable mental state in that it was not alleged that the offense was committed willfully, knowingly or intentionally as provided for in V.T.C.A. Penal Code, Section 6.02(d). The hearing judge concluded that this was waived because no such contention was made during the trial.

Additionally, it is now contended that the indictment is fundamentally defective because there is no allegation that the entry into the building was made "with intent to commit a felony or theft."

The indictment, omitting the formal parts, is as follows:

". . . James Earl Cannon hereinafter styled Defendant, on or about the 23 day of April in the year of our Lord One Thousand Nine Hundred and 74 in the County and State aforesaid, did unlawfully, then and there, with intent to exercise control over the property of Robert N. Smith, enter a habitation without the effective consent of Robert N. Smith, the said owner. . . ."

The allegation in the indictment sufficiently alleges that Cannon entered the habitation without the effective consent of the owner. Construing the entire sentence, it also alleges that he intended to exercise control of Smith's property without consent. This is sufficient under V.T.C.A. Penal Code, Section 31.03, which defines one form of theft as occurring when one "exercises control over the property, without the owner's consent." However, this construction is not essential.

The offense is substantially alleged so that an accused is apprised of such offense charged; he cannot in the absence of a motion to quash or an exception to the pleading raise the question by a collateral attack upon the pleading. See *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974). In the present case, one reading the indictment can see that the offense charged is that of entering a habitation without the owner's consent and with the intent to exercise control of the owner's property.

The pro se contention of Cannon that the indictment is fundamentally defective because no culpable mental state is alleged should be overruled for the same reasons discussed above. The indictment substantially charges him with the offense of burglary with intent to commit theft. He has not complained to this date that he did not know what he was charged with or that he did not have sufficient notice under the indictment so that he could prepare his defense. Absent a timely exception or motion to quash the indictment, the matter should not now be considered. See *American Plant Food Corporation v. State,* supra, and *Vaughn v. State,* 530 S.W.2d 558 (Tex.Cr.App.1975).

The relief sought should be denied.

### OPINION ON STATE'S MOTION FOR REHEARING

ROBERTS, Judge.

On original submission we held that the burglary indictment in this case was fundamentally defective. The indictment, which is set out in the majority opinion on original submission, failed to allege that the entry was made with the intent to commit a felony or theft, a necessary element of the offense of burglary under V.T.C.A., Penal Code, Sec. 30.02(a)(1) or (a)(2). *Faulks v. State,* 528 S.W.2d 607 (Tex.Cr.App.1975).

We again set out the indictment, as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS, the Grand Jurors, good and lawful men of the County of Dallas, duly elected, tried, empaneled sworn and charged to

inquire of offenses committed within the body of said Dallas County, upon their oaths do present in and to the 203RD JUDICIAL District Court, ——— of Dallas, County, at the JANUARY Term, A.D., 1974, that one,

JAMES EARL CANNON

hereinafter styled Defendant, on or about the 23 day of April, in the year of our Lord One Thousand Nine Hundred and 74 in the County and State aforesaid, did unlawfully, then and there, with intent to exercise control over the property of Robert N. Smith, enter a habitation without the effective consent of Robert N. Smith, the said owner."

■■■ Of course, an indictment for burglary need not allege that the entry was with the intent to commit theft or a named felony, *provided* that it alleges instead the elements of the felony or theft in the indictment. See *Williams v. State*, 505 S.W.2d 838 (Tex.Cr.App.1974); *Mitchell v. State*, 118 Tex.Cr.R. 77, 37 S.W.2d 1018 (1931). Similarly, it is not necessary to allege the elements of the felony or theft if the indictment states simply that the entry was with the intent to commit theft or a specifically named felony.[1] *Gonzales v. State*, 517 S.W.2d 785 (Tex.Cr.App.1975); *Vaughn v. State*, 530 S.W.2d 558, 562 (Tex.Cr.App. 1976) (majority and dissenting opinions).

Since the indictment in this case does not allege that the entry was made with the intent to commit a named felony or theft, the question then becomes whether it sets out the necessary elements of a felony or of theft.

A comparison of the indictment to our theft statute (V.T.C.A., Penal Code, Sec. 31.03) leads to the conclusion that the indictment in this case was an attempt to allege burglary with intent to commit theft,

[1] We again observe that the better practice is to set forth the constituent elements of the intended felony or theft. See *Faulks v. State*, 528 S.W.2d 607, 609, n. 1 (Tex.Cr.App.1975).

[2] We observe that subsections (a) and (b) of Section 31.03 were amended by Acts 1975, 64th Leg., p. 914, ch. 342, Sec. 10, eff. Sept. 1, 1975, as follows:

as theft is defined in V.T.C.A., Penal Code, Sec. 31.03(a)(2). Section 31.03 provides in pertinent part as follows:

"(a) A person commits an offense if, with intent to deprive the owner of property:

(1) he obtains the property unlawfully; or

(2) he exercises control over the property, other than real property, unlawfully.

(b) Obtaining or exercising control over property is unlawful if:

(1) the actor obtains or exercises control over the property without the owner's effective consent; or

(2) the property is stolen and the actor obtains it from another or exercises control over the property obtained by another knowing it was stolen."[2]

■■■ Our new Penal Code consolidated virtually all theft offenses into a single offense. Section 31.02 of the new Code provides for this consolidation, while subsections (a) and (b) of Section 31.03 define the different ways theft may be committed. A reading of these provisions of Section 31.03 makes it clear that there are four ways to commit theft: (1) by obtaining property without the owner's effective consent under subsections (a)(1) and (b)(1); (2) by obtaining property from another knowing it to be stolen under subsections (a)(1) and (b)(2); (3) by exercising control over property, other than real property, without the owner's effective consent under subsections (a)(2) and (b)(1); and (4) by exercising control over property, other than real property, obtained by another, knowing it to be stolen under subsections (a)(2) and (b)(2).

Thus, the offense of theft has four different sets of possible elements:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

"(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent; or

(2) the property is stolen and the actor appropriates the property knowing it was stolen by another."

(1) a person

(2) with intent to deprive the owner of property

(3) obtains the property

(4) without the owner's effective consent;

or

(1) a person

(2) with intent to deprive the owner of property

(3) obtains the property

(4) which is stolen property

(5) from another

(6) knowing it was stolen;

or

(1) a person

(2) with intent to deprive the owner of property

(3) exercises control over the property, other than real property

(4) without the owner's effective consent;

or

(1) a person

(2) with intent to deprive the owner of property

(3) exercises control over the property, other than real property

(4) which is stolen property

(5) obtained by another

(6) knowing it was stolen.

An indictment for theft which does not allege *all* of the elements of *one* of these methods is fundamentally defective, since "Everything should be stated in an indictment which is necessary to be proved." Art. 21.03, Vernon's Ann.C.C.P. See also Art. 21.11, V.A.C.C.P., and the authorities cited in the majority and concurring opinions on original submission. It follows that an indictment for burglary with intent to commit theft which fails to state specifically that the entry was with such intent must allege all of the elements of one of these means of committing theft.

■ The indictment in this case fails to allege an element necessary to *every* theft allegation: That the appellant acted "with intent to deprive the owner of property."

Without this element the indictment is fundamentally defective under our new Penal Code, and the trial court was without power to proceed to trial. See the majority and concurring opinions on original submission, as well as Art. 21.05, Vernon's Ann.C.C.P.; see also *Martini v. State*, 116 Tex.Cr.R. 58, 32 S.W.2d 654 (1930); *Rodriguez v. State*, 128 Tex.Cr.R. 262, 80 S.W.2d 988 (1935); *McCann v. State*, 168 Tex.Cr.R. 383, 328 S.W.2d 298 (1959); *Worthington v. State*, 469 S.W.2d 182 (Tex.Cr.App.1971).

The indictment is also fundamentally defective because it fails to allege how the intended taking was unlawful. As we held on original submission, it does not allege that the intended exercise of control was without the owner's effective consent, V.T.C.A., Penal Code, Sec. 31.03(b)(1), and it is not enough to allege that the *entry* was without such consent. As this Court said in *Musick v. State*, 121 Tex.Cr.R. 616, 618, 51 S.W.2d 715, 716 (1932):

"*It is elementary*, as well as statutory, that the essential element of theft is that the property be taken not only fraudulently but *without the consent of the owner*, with the intent to deprive the owner of the value and appropriate the property to the benefit of the taker . . . In Wharton's Crim. Law (11th Ed.) vol. 2, p. 1311, Sec. 1094, it is said that the definition of larceny which omits 'without the consent of the owner' is now universally conceded to be defective." (Emphasis added).

We recently reaffirmed this rule in *Martinez v. State*, 494 S.W.2d 182 (Tex.Cr.App. 1973), and see no reason why it should not apply to our new Penal Code. The indictment before us, plainly read, did allege that the *entry* was without the owner's effective consent, see V.T.C.A., Penal Code, Sec. 30.-02(a), but failed to allege that the intended exercise of control was without the owner's consent.

Nor did the indictment allege that the property was stolen or that the appellant knew the property was stolen. Moreover, the indictment did not allege either that the appellant obtained the property *from* an-

other or that he exercised control over the property, other than real property, obtained *by* another. These are essential elements of theft under subsection (b)(2), see *Pool v. State*, 528 S.W.2d 255 (Tex.Cr.App.1975), and are required to be alleged in an indictment alleging either of the methods of committing theft under this subsection. Art. 21.03, supra.[3]

Since the indictment failed to allege either method of unlawful taking under V.T. C.A., Penal Code, Sec. 31.03(b), it is *fundamentally* defective.[4] Nor can we agree that the use of the general term "unlawfully" was sufficient to overcome the deficiency. See V.T.C.A., Penal Code, Sec. 1.07(a)(36), and *Ham v. State*, 118 Tex.Cr.R. 271, 40 S.W.2d 152 (1931).

The State's motion for rehearing is overruled.

DOUGLAS, Judge (dissenting).

The majority holds the indictment to be fundamentally defective because it did not allege that the burglary was with the intent to commit a named felony or theft.

Cannon entered a plea of guilty to the offense of burglary in the present case. According to his application for habeas corpus he also entered a plea of guilty to another offense of burglary. When this cause was set for submission he did not contend that the elements of theft were not alleged. He contended that no culpable mental state was alleged. His lawyer knew

**3.** Compare *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1976); delivered November 3, 1976; 2 TCR 57.

**4.** The dissent's reliance upon *Ex Parte Roberts*, 502 S.W.2d 802 (Tex.Cr.App.1974), is misplaced. This writer wrote for a unanimous Court that although the indictment was "fatally" defective, it was not *"void ab initio."* The writer concedes that use of the word "fatally" was not precisely correct; ordinarily, an indictment which is fatally defective is "fundamentally" defective, or void from the outset, and can be attacked at any time. This was not true in *Roberts*. However, the *meaning* of *Roberts* should be clear: An indictment which is defective but not fundamentally so cannot be attacked by means of habeas corpus. Unlike the indictment in *Roberts*, the indictment in this

what he was charged with. There was no motion to quash the indictment. No appeal was taken and, therefore, it was not mentioned in an appellate brief so that the trial judge could pass upon any errors committed and grant a new trial to prevent a useless appeal. The rule adopted by the majority gives a defendant a free ride. If the jury finds one not guilty, he no doubt would be free. If the proof shows him to be guilty, he gets a new trial if the question is raised in an application for habeas corpus or, as in the present case, even if it is not raised.

The indictment alleges that Cannon ". . . did unlawfully then and there, *with intent to exercise control over the property of Robert N. Smith*, enter a habitation without the effective consent of Robert N. Smith, the said owner." (Emphasis Supplied)

The indictment alleges the burglary and, in substance, it was done with the intent to commit theft. V.T.C.A., Penal Code, Section 31.03, Theft, provides, in part, as follows:

"(a) A person commits an offense if, with intent to deprive the owner of property:

"\* \* \*

"(2) *he exercises control of the property.*" (Emphasis Supplied)

The indictment alleged that Cannon unlawfully entered the habitation with intent to exercise control of the property of Smith without the owner's effective consent. The

case utterly fails to allege an offense, is therefore fundamentally defective, and may be attacked on habeas corpus.

The dissent also relies upon *Ex Parte Spencer*, 171 Tex.Cr.R. 339, 349 S.W.2d 727 (1961), and *Ex Parte Merriell*, 163 Tex.Cr.R. 534, 294 S.W.2d 400 (1956). Those cases are distinguishable for the reasons stated so cogently by the late Presiding Judge Woodley in *Ex Parte Miller*, 172 Tex.Cr.R. 590, 360 S.W.2d 879 (1962). There the Court unanimously held that where a charging instrument is void (rather than merely voidable), it may be attacked by habeas corpus. See also *American Plant Food Corp. v. State*, 508 S.W.2d 598, 603 (Tex.Cr. App.1974).

indictment alleged without the owner's effective consent. When someone enters a habitation without the owner's consent with the intent to unlawfully exercise control of the property, this alleges enough to show an intention to commit theft under the statute.

In *Teniente v. State*, 533 S.W.2d 805 (Tex.Cr.App.1975), it was contended that a burglary indictment did not allege that the act was knowingly and intentionally done. The indictment alleged in part that ". . Teniente did then and there with intent to commit theft, enter a habitation without the effective consent of Carlos Reyna, the owner." This Court noted that the gist of the offense of burglary was entry of the habitation with the requisite intent and upheld the indictment.

In *Vaughn v. State*, 530 S.W.2d 558 (Tex. Cr.App.1975), this Court held that it was sufficient for an indictment to allege that entry was made with the intent to commit the felony "injury to a child." This indictment is less specific than the one in the present case.

The opinion by the majority on original submission would make it a mandatory requirement to allege without the owner's consent twice, that is, (1) unlawfully enter a building without the owner's consent, and (2) without the owner's consent exercise control of the property. The reading of just the one sentence in the indictment as a whole shows that the entry of the building as well as the intent to take the property was without the owner's consent.

The Legislature might be interested in passing an act so that the intent of the new penal code could be carried out. A rule that where an indictment or information substantially charges an offense, or it can be ascertained what offense is charged, the pleading cannot be attacked on appeal or by habeas corpus, such an attack must be made in a motion to quash or in an exception to the pleading.

There can be no justification for the rule that, where one pleads guilty to a known offense and the proof shows him guilty and he is serving the sentence, he should be released and the prosecution dismissed on the ground that an element of the offense is not stated in an indictment or information. This is especially true where counsel knew what the defendant was charged with.

Compare this to the rule of this Court that when one who has been convicted for an offense cannot be released by habeas corpus if the evidence offered at the trial is insufficient to support the conviction provided some evidence has been introduced at the trial. See *Ex parte Roberts*, 502 S.W.2d 802 (Tex.Cr.App.1973), and *Ex parte Ash*, 514 S.W.2d 762 (Tex.Cr.App.1974). In such an instance there is a possibility that some harm existed.

Sometime before the current holdings by the majority, a different but a better rule existed. In *Merriell v. State*, 163 Tex.Cr.R. 534, 294 S.W.2d 400 (1956), this Court wrote:

"There being a valid law under which a sufficient complaint and information could have been drawn for the act of obtaining property with intent to injure and defraud by the giving of the check, draft or order set out in the information, any irregular or insufficient averment of facts would not entitle appellant to relief by habeas corpus."

In *Ex parte Spencer*, 171 Tex.Cr.R. 339, 349 S.W.2d 727 (1961), we find:

" 'This court takes no note of the form of the complaint, but in habeas corpus proceedings of this character will go no further than to determine whether the arrest or conviction is supported by a law under which a valid complaint may be drawn. See *Ex parte Cox*, 53 Tex.Cr.R. 240, 109 S.W. 369; *Ex parte Jennings*, 76 Tex.Cr.R. 116, 172 S.W. 1143; *Ex parte Rogers*, 83 Tex.Cr.R. 152, 201 S.W. 1157; *Ex parte Roquemore*, 60 Tex.Cr.R. 282, 131 S.W. 1101, 32 L.R.A. (N.S.) 1101 [1186]; *Ex parte McKay*, 82 Tex.Cr.R. 221, 199 S.W. 637; *Ex parte Garcia*, 90 Tex.Cr.R. 287, 234 S.W. 892.' "

Judge Roberts got this Court on the right track, at least temporarily, when he wrote in a habeas corpus proceeding about an

attack on an indictment which did not allege the extent of the injury in a wilful injuring personal property case as follows:

". . . we are of the opinion that appellant has clearly waived his right to challenge a defective indictment. There is no claim that appellant was denied adequate notice of the charges against him, that his plea was involuntary or without sufficient understanding, or that the improper wording of the indictment violated any of petitioner's rights to due process or equal protection of the law. We do not feel constrained to reverse the conviction on habeas corpus merely because of the improper wording of an indictment, without a showing that the petitioner therein was harmed thereby. . . ." *Ex parte Roberts*, 502 S.W.2d 802 (Tex.Cr.App.1973).

We would do well to follow that rule which has been overruled.

The majority misconstrues the opinion by Presiding Judge Woodley in *Ex parte Miller*, 172 Tex.Cr.R. 590, 360 S.W.2d 879 (1962). There, the complaint only alleged that the defendant "did then and there unlawfully and wilfully Pass—insufficient Clearance against the peace and dignity of the State." So there will be no argument, the holding is quoted as follows:

"We hold that where, as here, no facts are alleged in the complaint which, if true, constitute an offense, *and no such facts are alleged which show what offense was meant to be charged, a final conviction under such complaint is void and may be attacked by habeas corpus.*" (Emphasis Supplied).

That part of the opinion would make a good rule for construction to be adopted by the Legislature. If facts are alleged to show what offense was meant, a pleading should not be set aside after a convict has started serving time and later thinks, or this Court thinks for him, that he did not know what offense was meant to be charged.

It has got to the point that the majority of the Court has added an element to the offense of robbery not required in the statute and sets aside convictions on habeas corpus when the matter has not been alleged in habeas corpus proceedings. See *Ex parte Banks*, Tex.Cr.App., 542 S.W.2d 183 (1976), and the dissenting opinion. Now this added element of ownership has to be alleged according to the majority even though such ownership does not have to be proved under *Clark v. State*, 527 S.W.2d 527 (Tex.Cr.App.1975).

Any argument that an indictment or information has to be more specific so that it can be pled for the purpose of former acquittal or conviction is without merit. One claiming former acquittal or conviction may assert and prove facts which show the identity of the offense although this may not appear on the face of the indictment or information or in the recitals of the judgment. *Buchanan v. State*, 506 S.W.2d 236 (Tex.Cr.App.1974); *Luna v. State*, 493 S.W.2d 854 (Tex.Cr.App.1973). The question of double jeopardy does not have to be raised on appeal. This Court will apply the rule even though there has been no such plea or objection during the trial. See *Duckett v. State*, 454 S.W.2d 755 (Tex.Cr. App.1970).

There is no better time than the present to stop the setting aside of convictions when the defendants have not been harmed or misled. There are other cases now pending before the Court that will have to be reversed and the prosecution ordered dismissed because of the ruling by the majority. See the dissenting opinion in *Reynolds v. State*, 547 S.W.2d 590 (1976). Hundreds of cases will be reversed and prosecutions ordered dismissed in the future because of these cases. A dissent will not be filed in each case even though, in my opinion, they will be incorrect.

The relief sought should be denied.